**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| CENTRALSQUARE TECHNOLOGIES, LLC | | |
| | Plaintiff and Counterclaim-Defendant, | Civil Action No. 1:24-cv-01497-ADA |
| v. | | |
| CARBYNE, INC., AND CARBYNE, LTD. | | |
| | Defendants and Counterclaim-Plaintiffs. | |

**CENTRALSQUARE'S MOTION TO STRIKE DISCUSSION OF FRE 408
SETTLEMENT NEGOTIATIONS**

**TABLE OF CONTENTS**

I. INTRODUCTION: THE COURT SHOULD STRIKE THE RECORD OF DOCUMENTS PROTECTED BY FRE 408 IMPROPERLY FILED BY CARBYNE ................................................................................................................. 1

II. LEGAL STANDARDS: CARBYNE'S CONDUCT VIOLATES FRE 408 ..................... 4

III. ARGUMENT: CARBYNE'S EXHIBIT AND DISCUSSION VIOLATING FRE 408 MUST BE STRICKEN FROM THE RECORD .................................................... 6

    A. Carbyne's Improperly Injected Inadmissible FRE 408 Protected Settlement Discussions into the Record .................................................... 7

    B. None of the Exceptions Permitting Submission of Exhibit C Under FRE 408(b) Apply Here. .................................................................................... 8

    C. Striking Carbyne's Improper Publication of FRE 408 Settlement Discussions is Appropriate, Especially in View of the Policy Considerations ............................................................................................... 9

V. CONCLUSION: THE CITED FRE 408 SETTLEMENT DISCUSSIONS SHOULD BE STRUCK AS INADMISSIBLE EVIDENCE ........................................... 11

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Affiliated Mfrs., Inc. v. Aluminum Co. of Am.*,
 56 F.3d 521 (5th Cir. 1995) ...................................................................................................3, 7

*Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*,
 306 F.2d 862 (5th Cir. 1962) (internal citation omitted) ............................................................6

*Bradbury v. Phillips Petroleum Co.*,
 815 F.2d 1356 (10th Cir. 1987) ...............................................................................................10

*Davis v. Rowe*,
 1993 U.S. Dist. LEXIS 1453 (N.D. Ill. Feb. 10, 1993) ............................................................10

*EEOC v. Gear Petroleum, Inc.*,
 948 F.2d 1542 (10th Cir. 1991) .................................................................................................9

*Flexuspine, Inc. v. Globus Med., Inc.*,
 No. 6:15-cv-201-JRG-KNM, 2016 WL 9279999 (E.D. Tex. July 6, 2016) ..............................3

*Harrell v. United States*,
 13 F.3d 232 (7th Cir. 1993) .......................................................................................................3

*Long v. Cat Exteriors*,
 2022 U.S. Dist. LEXIS 199654 (W.D. Tex. Oct. 25, 2022) ......................................................5

*Long v. Cat Exteriors*,
 No. SA-22-CV-00923-JKP, 2022 WL 15046726 (W.D. Tex. Oct. 1, 2022) ........................8, 9

*Lyondell Chem. Co. v. Occidental Chem. Corp.*,
 608 F.3d 284, n. 38 (5th Cir. 2010) .......................................................................................4, 5

*MCI Commc'ns Servs., Inc. v. Hagan*,
 641 F.3d 112 (5th Cir. 2011) .....................................................................................................4

*Mobile Micromedia Sols., LLC v. Nissan N. Am., Inc.*,
 No. 5:05cv230, 2007 WL 9724764 (E.D. Tex. Oct. 30, 2007)..................................................4

*Ramada Dev. Co. v. Rauch*,
 644 F.2d 1097 (5th Cir. 1981) ..........................................................................................4, 6, 7

*Reichenbach v. Smith*,
 528 F.2d 1072 (5th Cir. 1976) ...................................................................................................9

*Ross v. Dejarnetti*,
    514 F. Supp. 3d 845 (E.D. La. 2021) ................................................................................5, 8, 9

*Schneider v. Cal. Dep't of Corr.*,
    151 F.3d 1194 (9th Cir. 1998) .......................................................................................................3

*Washington v. Pac. Summit Energy LLC*,
    No. 4:20-CV-290, 2021 WL 229653, at *3 (S.D. Tex. Jan. 21, 2021) .........................5, 6, 8, 9

**Rules**

Fed. R. Civ. P. 7(a) ...........................................................................................................................3

Fed. R. Civ. P. 12(b)(6) ....................................................................................................................3

Fed. R. Civ. P. 12(f) .....................................................................................................................5, 6

Fed. R. Evid. 408 ..................................................................................................................*passim*

Fed. R. Evid. 408(a) ..............................................................................................................1, 4, 7, 8

Fed. R. Evid. 408(a)(1) ....................................................................................................................4

Fed. R. Evid 408(b) ......................................................................................................................7, 8

**Other Authorities**

2 Moore's Federal Practice § 12.34[2] ............................................................................................3

**TABLE OF EXHIBITS**

| Exhibit | Description |
|---|---|
| Ex. A | Email Exchange Between Carbyne and CentralSquare on Rule 408 Issues (dated July 21, 2025) |
| Ex. B | Letter from CentralSquare to Carbyne on Rule 408 Issues (dated July 20, 2025) |
| Ex. C | CentralSquare's Original Complaint (Dkt. 1) |
| Ex. D | Carbyne's Opposition to CentralSquare's Motion to Dismiss (Dkt. 24) |
| Ex. E | Courtesy copy of Ex. C from Carbyne's Opposition to Motion to Dismiss (Dkt. 24) |

## I. INTRODUCTION: THE COURT SHOULD STRIKE THE RECORD OF DOCUMENTS PROTECTED BY FRE 408 IMPROPERLY FILED BY CARBYNE

Defendants and Counterclaim-Plaintiffs Carbyne, Inc. and Carbyne, Ltd. (collectively "Carbyne") violated—and continue to violate—Fed. R. Evid. 408 ("FRE 408") by improperly relying on protected settlement communications with Plaintiff to argue both (1) the merits of contested claims and (2) to impeach Plaintiff's credibility. Both uses of evidence are prohibited under FRE 408(a) which explicitly prohibits consideration of settlement discussions to "prove or disprove the validity or amount of a disputed claim or to impeach." Specifically, in its Opposition to CentralSquare's Motion to Dismiss Carbyne's declaratory judgment counterclaims pertaining to CentralSquare's asserted patent, RE50,016 ("the '016 patent"), Carbyne submitted Exhibit C, a letter from Carbyne to CentralSquare detailing party negotiation discussions and clearly marked "Subject to Fed. R. Evid. 408" to "expressly incorporate[]" Carbyne's noninfringement declaratory judgment counterclaim and argue "specific claim elements [of the '016 patent] . . . that Carbyne contends [are] missing from the accused products." *E.g.,* Dkt. 24 at 18-19; Ex. E. This is precisely the type of evidence to establish the validity of a disputed declaratory judgment counterclaim FRE 408 prohibits, and Exhibit C of Carbyne's Opposition should be struck from the record.

The facts are straightforward. Prior to litigation, Plaintiff made a good-faith effort to avoid court intervention. Beginning on November 4, 2021, CentralSquare initiated confidential business-to-business discussions regarding CentralSquare's patented technology with a licensing proposal in attempts to find resolution without litigation. *E.g.,* Dkt. 1, Ex. B. CentralSquare exchanged back-and-forth correspondence via letters and meetings *for years* regarding the issue. After CentralSquare's June 28, 2024, letter notifying Carbyne of the reissued '016 patent at issue here, Carbyne remained substantively silent for more than three months, leaving CentralSquare with no other option but to file the present Complaint. Only after the Complaint was filed did Carbyne

1

respond in order to put Carbyne in the best light for negotiations—offering a letter outlining its non-infringement, invalidity, and damages positions. This letter at issue, Exhibit C of Carbyne's Opposition to CentralSquare's Motion to Dismiss (Dkt. 24), was clearly marked "Subject to Fed. R. Evid. 408." CentralSquare notified Carbyne on July 20, 2025, that it should withdraw the exhibit from the record. *See* Ex. B. Carbyne refused. *See* Ex. A.

Rather than confining these protected communications to the negotiating table, Carbyne now attempts to use them as a litigation weapon. Carbyne attempts to enter into the record—and invites the Court to consider them through a footnote—confidential business discussions. *See* Dkt. 24, p. 9. Carbyne now recasts those settlement discussions as litigation arguments here, asking this Court to accept its unilateral, self-serving view of the parties' negotiations as probative of the validity of Carbyne's declaratory judgment counterclaim pleadings and CentralSquare's credibility. That is impermissible under FRE 408.

Carbyne's strategic misuse of Exhibit C also raises concerns about fairness and transparency. If Carbyne truly intended to assert the positions outlined in the letter as its formal defenses, it should have submitted them for public scrutiny in its pled counterclaims—not hide them behind a Rule 408 label. Instead, Carbyne chose to embed these arguments in a protected letter—*without* properly incorporating that as an attachment to its pleadings—and now attempts to selectively invoke its contents to defeat dismissal while reserving the right to later alter these positions without consequence or potentially preventing CentralSquare from rebutting them. This approach is fundamentally unfair and prejudicial to CentralSquare.

Moreover, even setting aside the need to preserve the integrity of FRE 408, Carbyne's approach improperly attempts to expand the record beyond the bounds of the pleadings. Courts have consistently rejected similar efforts to inject new claims or defenses into litigation through

2

opposition briefing. *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers."); *Harrell v. United States*, 13 F.3d 232, 236 (7th Cir. 1993) ("A plaintiff may not amend his complaint through arguments in his brief in opposition to a motion to dismiss."); *see also* 2 Moore's Federal Practice § 12.34[2] (Matthew Bender 3d ed.) ("The court may not ... take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a).").

The Exhibit C at issue contains classic patent settlement content: claims of non-infringement, invalidity, patent-ineligibility under *Alice*, damage minimization arguments, and a request to resolve the matter amicably. *Id.* All of these are protected by FRE 408 because they were made amidst "at least an apparent difference of view between the parties concerning the validity [ ] of a claim," i.e., the validity of Carbyne's declaratory judgment counterclaim of invalidity of CentralSquare's Asserted Patent. *Affiliated Mfrs., Inc. v. Aluminum Co. of Am.*, 56 F.3d 521, 526 (5th Cir. 1995).

Carbyne's submission is not only inadmissible but also highly prejudicial. FRE 408 prohibits litigants from turning peace offers into weapons of war. That is precisely what Carbyne has done. Carbyne's letter at-issue contains a full-fledged *Alice* invalidity analysis and a critique of CentralSquare's claim chart. These positions were made for settlement negotiations—and the fact that they were made in confidential discussions only underscores their inadmissibility.

The law is clear: FRE 408 bars the use of settlement communications to prove or disprove the validity or amount of a disputed claim or to impeach a party's credibility. *Flexuspine, Inc. v. Globus Med., Inc.*, No. 6:15-cv-201-JRG-KNM, 2016 WL 9279999, at *5 (E.D. Tex. July 6, 2016) (granting motion to strike communications between the parties that involved negotiations to settle

a contested claim as inadmissible under FRE 408); *Mobile Micromedia Sols., LLC v. Nissan N. Am., Inc.*, No. 5:05cv230, 2007 WL 9724764, at *5 (E.D. Tex. Oct. 30, 2007) (same). Yet Carbyne has used its letter for both.

Because Carbyne has refused to retract its improper submission, Plaintiff now reluctantly yet respectfully asks this Court to strike from the record all communications submitted in violation of FRE 408, including Exhibit C from Carbyne's Opposition (Dkt. 24) to the pending Motion to Dismiss.

## II.    LEGAL STANDARDS: CARBYNE'S CONDUCT VIOLATES FRE 408

FRE 408 states that "furnishing, promising, or offering . . . a valuable consideration in compromising or attempting to compromise the claim" and "conduct or a statement made during compromise negotiations about the claim" are not admissible "either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." Fed. R. Evid. 408(a). The exceptions, which do not apply here, limit the admission of evidence for "another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution." Fed. R. Evid. 408(a)(1).

Moreover, the purpose of FRE 408 is "to encourage settlements by fostering free and full discussion of the issues." *Ramada Dev. Co. v. Rauch*, 644 F.2d 1097, 1106 (5th Cir. 1981). Further, "litigation does not need to have commenced for FRE 408 to apply, but there must be an actual dispute or a difference of opinion." *MCI Commc'ns Servs., Inc. v. Hagan*, 641 F.3d 112, 117 (5th Cir. 2011) (quoting *Lyondell Chem. Co. v. Occidental Chem. Corp.*, 608 F.3d 284, 295, n. 38 (5th Cir. 2010)) (internal quotation marks omitted). The "question under the rule is whether the statements or conduct were intended to be part of the negotiations toward compromise." *Ramada*, 644 F.2d at 1106. And under Fifth Circuit law, the "application of FRE 408 has been and remains

4

fact-specific, and tethered to the rationales underlying the rule." *Lyondell*, 608 F.3d at 298. Those rationales are twofold: "[f]irst, the relevancy of the settlement communications is thought to be suspect because they may have been an attempt to purchase peace rather than admission of liability," and "[s]econd, and perhaps 'most importantly,' the rule's exclusion of settlement evidence furthers public policy by promoting the voluntary settlement of disputes, which would be discouraged if evidence of compromise were later used in court." *Id*. at 294-95.

Importantly, the protections afforded by Rule 408 cannot be unilaterally waived by one party. As explained in the *Wright & Miller* treatise, although parties may mutually agree to waive Rule 408's protections, "the Advisory Committee has expressly concluded that 'those protections cannot be unilaterally waived.'" 23 Fed. Prac. & Proc. Evid. § 5303 (2d ed.). This is because the rule, by design, safeguards both parties against the prejudicial disclosure of the fact that settlement negotiations occurred. As the Advisory Committee stated in its 2006 Note: "If a party were to reveal its own statement or offer, this could itself reveal the fact that the adversary entered into settlement negotiations. The protection of Rule 408 cannot be waived unilaterally because the Rule, by definition, protects both parties from having the fact of negotiation disclosed to the jury." Allowing a party to disclose its own protected settlement communications would not only undermine this mutual protection but would also risk attorney disqualification if counsel is called as witnesses to authenticate or explain those communications. Fed. R. Evid. 408 Advisory Committee's Note to 2006 Amendment.

Courts within the Fifth Circuit repeatedly recognize that statements in pleadings that violate FRE 408 should be struck under Federal Rule of Civil Procedure 12(f). *See, e.g.*, *Long v. Cat Exteriors*, 2022 U.S. Dist. LEXIS 199654 (W.D. Tex. Oct. 25, 2022) (letter summarizing the parties' settlement negotiations was inadmissible and denying the motion to strike would result in

5

significant prejudice to Defendants); *Ross v. Dejarnetti*, 514 F. Supp. 3d 845, 852 (E.D. La. 2021) (striking statements made during settlement negotiations included in amended counterclaim); *Washington v. Pac. Summit Energy LLC*, No. 4:20-CV-290, 2021 WL 229653, at *3 (S.D. Tex. Jan. 21, 2021) ("Because [certain] paragraphs reveal settlement discussions and evidence supporting them would be excluded under FRE 408, these allegations would have no possible relation to the controversy."). For pleadings not "relat[ed] to the controversy" and where "significant prejudice" would result if the motion to strike were denied, a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962) (internal citation omitted); *Washington*, 2021 WL 229653, at *1.

### III. ARGUMENT: CARBYNE'S EXHIBIT AND DISCUSSION VIOLATING FRE 408 MUST BE STRICKEN FROM THE RECORD

To advance its litigation posture, Carbyne publicly disclosed and relied upon confidential settlement communications—protected by FRE 408—to support the merits of its declaratory judgment counterclaim pleadings and argue against CentralSquare's Motion to Dismiss. Ex. D. This misuse is precisely the sort of conduct FRE 408 prohibits. Carbyne's actions undermine the rule's core purpose: to foster candid, compromise-driven settlement efforts free from fear that good-faith negotiations will later be weaponized in litigation. *See Ramada*, 644 F.2d at 1106 ("[FRE 408] is designed to encourage settlements by fostering free and full discussion of the issues."). As discussed further below, Carbyne's approach is also unfairly prejudicial—cherry-picking from protected settlement communications to advance its claims while insulating itself from the consequences of inconsistency. As such, this Court should strike Carbyne's improper use of FRE 408 communications.

6

A. **Carbyne's Improperly Injected Inadmissible FRE 408 Protected Settlement Discussions into the Record.**

Carbyne submitted Exhibit C in its Opposition to CentralSquare's Motion to Dismiss—a letter clearly marked "Subject to Fed. R. Evid. 408." In doing so, Carbyne sought to prop up the validity of its declaratory judgment counterclaims and buttress its pleadings of noninfringement, invalidity, and commercial use of the accused features—each a disputed matter in this litigation. Carbyne attached the full document to amplify its claims in the public record. *Id.* This is a violation of FRE 408.

Courts have held that FRE 408 exists to "encourage settlements by fostering free and full discussion of the issues." *Ramada Dev. Co. v. Rauch*, 644 F.2d 1097, 1106 (5th Cir. 1981). Yet Carbyne has done the opposite: it has attempted to exploit compromise communications for tactical gain. CentralSquare promptly objected and requested that Carbyne withdraw the Exhibit. *See* Ex. B. Carbyne refused (Ex. A), forcing this Motion.

Carbyne's actions are not just procedurally improper, they are also deeply prejudicial. In Exhibit C, Carbyne asserts many false—and *disputed* claims—pertaining to the validity of its declaratory judgment counterclaims, including: "CentralSquare does not appear to dispute that the prior art (at least Salafia) teaches all of the features of original claim 1 of the '117 Patent," "[t]he claims of the '016 Patent cannot pass muster at either step of the Alice analysis… they are patent-ineligible and, thus, invalid," "CentralSquare is targeting a seldom-used means of gathering location information," and "Carbyne remains willing to have a business-to-business discussion with CentralSquare to try to resolve these issues and return to the productive relationship that the parties once enjoyed." Ex. E. These are exactly the types of statements FRE 408 shields from use as litigation evidence: disputed assertions about infringement, invalidity, damages, and willingness to settle. *See Affiliated Mfrs., Inc. v. Aluminum Co. of Am.*, 56 F.3d 521, 526 (5th Cir. 1995) (FRE

408 applies where there is "at least an apparent difference of view between the parties concerning the validity [or] amount of a claim").

> **B.   None of the Exceptions Permitting Submission of Exhibit C Under FRE 408(b) Apply Here.**

If Carbyne maintains, as it argued in its email response refusing to withdraw Exhibit C (*see* Ex. A attached here), that FRE 408(a) does not apply here because it did not offer Exhibit C to prove liability, damages, or impeach a witness—Carbyne would still be wrong. FRE 408(a) applies here. *See, e.g.*, *Long v. Cat Exteriors*, No. SA-22-CV-00923-JKP, 2022 WL 15046726 (W.D. Tex. Oct. 1, 2022); *Ross v. Dejarnetti*, 514 F. Supp. 3d 845, 852 (E.D. La. 2021); *Washington v. Pac. Summit Energy LLC*, No. 4:20-CV-290, 2021 WL 229653, at *3 (S.D. Tex. Jan. 21, 2021). Each of these decisions underscore that FRE 408 bars the conduct Carbyne engaged in—introducing communications related to settlement negotiations to advance its litigation position.

As an initial matter, Carbyne openly recognizes that the exceptions identified in FRE 408(b) allowing consideration of prohibited evidence for "another purpose" do not apply here because the "letters are plainly relevant to the controversy."[1] Ex. A at 1. The only dispute appears to be whether this controversy—whether Carbyne may rely on FRE 408 documents to buttress its declaratory judgment counterclaims alleging that the '016 patent is invalid—falls within the prohibited FRE 408(a) "prove or disprove the validity" of Carbyne's pleadings. Carbyne argues that "it is not using the letters at issue to prove the validity of Carbyne's claims" (Ex. A at 1)—but that *is* what it is doing, it seeks to use the letters to support the validity of its pleadings which in turn are the validity of its claims for relief.

The letter at issue, Exhibit C, squarely falls within the prohibitions of FRE 408(a) as

---

[1] Indeed, Exhibit C does not "prove a witness's bias or prejudice, negating a contention of undue delay, or prov[e] an effort to obstruct a criminal investigation or prosecution," as required for the FRE 408(b).

8

containing settlement discussions pertaining to Carbyne's claim for relief. Exhibit C includes confidential prejudicial statements plainly related to settlement. For example, the letter details Carbyne's declaratory judgment counterclaims for relief—more so than its own pleadings, which is ultimate underlying issue—and ends with an invitation to "have a business-to-business discussion with CentralSquare to try to resolve these issues and return to the productive relationship the parties once enjoyed." Ex. E. The majority of the letter is quintessential settlement language—and exactly the type of material FRE 408 prohibits from being used in litigation. Carbyne even marked the letter "Subject to Fed. R. Evid. 408," acknowledging its settlement nature at the time. *Id.*

Legal precedent, nevertheless, holds that submitting copies of communications subject to FRE 408 is improper. *E.g.*, *Long v. Cat Exteriors*, No. SA-22-CV-00923-JKP, 2022 WL 15046726 (W.D. Tex. Oct. 1, 2022) (letter under FRE 408 was inadmissible and denying the motion to strike would result in significant prejudice to Defendants); *Ross v. Dejarnetti*, 514 F. Supp. 3d 845, 852 (E.D. La. 2021) (striking statements subject to FRE 408); *Washington v. Pac. Summit Energy LLC*, No. 4:20-CV-290, 2021 WL 229653, at *3 (S.D. Tex. Jan. 21, 2021) ("Because [certain] paragraphs reveal settlement discussions and evidence supporting them would be excluded under Rule 408, these allegations would have no possible relation to the controversy."). Thus, because Exhibit C of Carbyne's Opposition to CentralSquare's Motion to Dismiss is subject to FRE 408, it must be removed from the record.

### C. Striking Carbyne's Improper Publication of FRE 408 Settlement Discussions is Appropriate, Especially in View of the Policy Considerations.

Carbyne's attempts to put protected FRE 408 discussions on the record fall squarely within those prohibited by FRE 408, and therefore striking those communications is not only appropriate, but is also necessary. According to the Fifth Circuit, the "primary reason for excluding evidence

9

of a compromise is to encourage non-litigious solutions to disputes," because "admission of evidence of the settlement could work to discourage [parties] from settling." *Reichenbach v. Smith*, 528 F.2d 1072, 1074 (5th Cir. 1976). Other circuits have adopted a similar approach. *See EEOC v. Gear Petroleum, Inc.,* 948 F.2d 1542 (10th Cir. 1991) (explaining that the "underlying policy of FRE 408 requires exclusion even when a permissible purpose can be discerned") (internal citation omitted); *Davis v. Rowe*, 1993 U.S. Dist. LEXIS 1453 (N.D. Ill. Feb. 10, 1993) ("[W]hen the issue is doubtful, the better practice is to exclude evidence of compromises or compromise offers.") (citing *Bradbury v. Phillips Petroleum Co.*, 815 F.2d 1356, 1364 (10th Cir. 1987)).

Moreover, Carbyne's strategic misuse of Exhibit C raises additional concerns about fairness and transparency. Carbyne could have articulated them in its publicly filed declaratory judgement pleadings. Instead, it embedded them in a letter marked "Subject to Rule 408," making those defenses inaccessible to the public—and thus withheld from public scrutiny *and* preventing CentralSquare's public rebuttal. This deprives CentralSquare—and the public—of a clear understanding of Carbyne's asserted defenses. More troublingly, by invoking Rule 408, Carbyne reserves the right to later disavow or alter those defenses while shielding itself from the risk of CentralSquare pointing to the original letter as evidence. This maneuver creates a one-sided evidentiary trap: Carbyne can use the letter to defeat a motion to dismiss but later claim that it cannot be cited against them when it becomes inconsistent. If Carbyne truly intended these to be its formal positions, it should have stated them in its declaratory judgement counterclaims— without invoking Rule 408 *and without* the additional commentary concerning damages. Carbyne's approach suggests a calculated attempt to "have it both ways"—leveraging the letter now, immunizing it later. This prejudices CentralSquare and undermines the integrity of the litigation process.

Even further, Rule 408 cannot be waived unilaterally. Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 5303 (2d ed. 2024) ("A bilateral agreement to waive the protections of Rule 408 should be enforceable as between the parties to that agreement, but the Advisory Committee concluded that those protections cannot be unilaterally waived." (citing Advisory Comm. Note to 2006 Amendment, Fed. R. Evid. 408)).

Carbyne's conduct casts doubt as to whether *any* communication between the parties will be kept confidential. Accordingly, to the extent possible, CentralSquare requests that this Court intervene and prohibit Carbyne from publishing any further content from the parties' settlement negotiations and strike all public citations of those settlement discussions.

## V.    CONCLUSION: THE CITED FRE 408 SETTLEMENT DISCUSSIONS SHOULD BE STRUCK AS INADMISSIBLE EVIDENCE

For the foregoing reasons and authorities above, CentralSquare respectfully requests that the Court grant its Motion to Strike references to, citations to, and statements pertaining to the parties' confidential settlement discussions from this case. *See* Dkt. 24, Ex. C.

Dated: August 12, 2025                                       Respectfully submitted,

/s/ Lionel M. Lavenue
Lionel M. Lavenue
Virginia Bar No. 49,005
lionel.lavenue@finnegan.com
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
1875 Explorer Street, Suite 800
Reston, VA 20190
Phone:  (571) 203-2700
Fax:      (202) 408-4400

**ATTORNEY FOR PLAINTIFF AND COUNTERCLAIM-DEFENDANT CENTRALSQUARE TECHNOLOGIES, LLC**

11

## CERTIFICATE OF CONFERENCE

The parties complied with Local Rule CV-7(h). On August 12, 2025, Plaintiff and Counterclaim-Defendant's counsel conferred via telephone, and Carbyne opposes this Motion to Strike.

*/s/ Lionel M. Lavenue*
Lionel M. Lavenue

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 12, 2025, a true and correct copy of the above document was served on all counsel of record via the Court's CM/ECF System.

*/s/ Lionel M. Lavenue*
Lionel M. Lavenue