# EXHIBIT A

| | |
|---|---|
| **From:** | Brewer, Evan |
| **To:** | Lavenue, Lionel; Mark Siegmund; Caridis, Alyssa |
| **Cc:** | CentralSquare-Carbyne |
| **Subject:** | Re: Carbyne-CST: CRSR - Monday, July 21 at 5 pm ET. |
| **Date:** | Monday, July 21, 2025 5:31:20 PM |
| **Attachments:** | image001.png |
| | image002.png |
| | image006.png |
| | shield-advisory.png |
| | chevron-light.png |

 External email

Lionel,

The letters attached to Carbyne's opposition, including the letter at Exhibit C: (i) show that CST is on notice of representative Carbyne noninfringement and invalidity positions, (ii) were expressly incorporated into Carbyne's counterclaim complaint; and (iii) **were put directly at issue by CST** when it moved to dismiss Carbyne's counterclaim complaint, in part by arguing that Carbyne's declaratory judgment claims were inadequately pleaded and that CST was not sufficiently on notice of Carbyne's noninfringement and invalidity theories. In other words, Carbyne is not using the letters to establish the validity of any claim or the amount in dispute, or to impeach a witness, and Carbyne's inclusion of the letters (including Ex. C) as exhibits to its opposition is entirely consistent with FRE 408. CST has no basis to object to their use, and no basis to move to strike the letter at Exhibit C.

None of the cases you cite support your position. The first case, *Long v. Cat Exteriors*, explains that to "prevail on a motion to strike, Defendants must show that the pleading at issue has 'no possible relation to the controversy' and that 'significant prejudice' would result if the motion is denied." No. SA-22-CV-00923-JKP, 2022 WL 15046726, at *1 (W.D. Tex. Oct. 22, 2022). In *Long*, the plaintiff summarized the parties' discussions in an "Open Letter to the Court," including specific settlement amounts, without explaining its relevance or even seeking any particular relief. *Id*. The Court found this plainly "inadmissible under Rule 408." *See* Fed. R. Evid. 408 (prohibiting use of settlement offers and negotiations to prove validity or amount of disputed claim or to impeach witness). None of this applies here. The letters are plainly relevant to the controversy, and indeed were made **directly relevant** to the case by CST's pending motion to dismiss, and thus their use by Carbyne as part of its opposition is perfectly permissible under FRE 408.

In *Ross v. Dejarnetti*, the Court struck several paragraphs of a complaint that "clearly relie[d] on statements made during settlement discussions to prove the validity of [the asserted] claim." 514 F. Supp. 3d 845, 852 (E.D. La. 2021). As explained, this is simply not the case here. Unlike the settlement discussions stricken in *Ross*, Carbyne is not using the letters at issue to prove the validity of Carbyne's claims nor the amount of damages (i.e., FRE 408 does not bar their use), and they are plainly relevant to this case (at least for Carbyne's present purpose), as a result of CST's motion (i.e., not subject to striking under Rule 12).

Last, in *Washington v. Pacific Summit Energy*, the court struck two paragraphs of a Complaint revealing "discussions between counsel" which "appear to be discussions involving settlement." No. 4:20-CV-290, 2021 WL 229653, at *3 (S.D. Tex. Jan. 21, 2021). The court does not reveal the content of the

paragraphs, however, and simply notes that their use would contravene FRE 408—thus implying that their intended use was to prove or disprove liability or the amount of damages. *Id*. at *2-3. More than being inapposite, however, this case highlights why CST's position is frivolous. The Washington court specifically notes that Rule 12 motions to strike are strongly disfavored, and that even FRE 408 communications must still be **unfairly prejudicial** to the movant to merit striking under Rule 12. *Id*. at *1, *3. Here, the letter at Exhibit C cannot possibly be considered unfairly prejudicial to CST when CST itself put the letter at issue by asserting that Carbyne's declaratory judgment claims (which expressly incorporate the letters) were inadequately pleaded. No court would find unfair prejudice in such a circumstance.

In short, FRE 408 does not bar Carbyne's use of the challenged letter at Exhibit C, and CST has no valid basis whatsoever to move to strike that exhibit. If CST proceeds to move to strike this letter, Carbyne will reserves all rights to inform the Court about the circumstances of this motion and to seek fees or other relief as appropriate for wasting the Court and Carbyne's time with this non-issue.

Best,
Evan

**Evan D. Brewer**
Senior Associate

Orrick
Seattle
Silicon Valley
T 650.614.7497
M 650.422.0967
ebrewer@orrick.com

Admitted in California
and Washington

 <!--[if !vml]--><!--[endif]-->



<!--[if !vml]--><!--[endif]--> <!--[if !vml]--><!--[endif]--> <!--[if !vml]--><!--[endif]-->

**From:** "Lavenue, Lionel" <lionel.lavenue@finnegan.com>
**Date:** Sunday, July 20, 2025 at 8:32 AM
**To:** Evan Brewer <ebrewer@orrick.com>, Mark Siegmund <MSiegmund@CJSJLAW.com>, "Caridis, Alyssa" <acaridis@orrick.com>
**Cc:** CentralSquare-Carbyne <CentralSquare-Carbyne@finnegan.com>
**Subject:** Carbyne-CST: CRSR - Monday, July 21 at 5 pm ET.

**[EXTERNAL]**

Counsel,

Please see attached correspondence and take prompt action to resolve by Monday, July 21 at 5 pm ET.

Regards,

Lionel

---

**From:** Brewer, Evan <ebrewer@orrick.com>
**Sent:** Monday, July 7, 2025 6:35 PM
**To:** Lavenue, Lionel <lionel.lavenue@finnegan.com>; Mark Siegmund <MSiegmund@CJSJLAW.com>; Caridis, Alyssa <acaridis@orrick.com>
**Cc:** CentralSquare-Carbyne <CentralSquare-Carbyne@finnegan.com>
**Subject:** Re: Deadline Today - Carbyne-CST: CRSR

---

Mark is fine. Thanks Lionel.

**From:** "Lavenue, Lionel"
**Date:** Monday, July 7, 2025 at 1:58 PM
**To:** Evan Brewer , Mark Siegmund , "Caridis, Alyssa"
**Cc:** CentralSquare-Carbyne
**Subject:** Deadline Today - Carbyne-CST: CRSR

**[EXTERNAL]**

Thanks, Evan. Please find attached a clean copy.
Who should we listed for signature on your side - Mark or Alyssa?
Thank you.
Regards,
Lionel

**From:** Brewer, Evan
**Sent:** Monday, July 7, 2025 4:38 PM
**To:** Lavenue, Lionel ; Mark Siegmund ; Caridis, Alyssa
**Cc:** CentralSquare-Carbyne
**Subject:** Re: Deadline Today - Carbyne-CST: CRSR
Footnote is fine by us. Please do delete my comments from the final version for filing
Evan

---

**From:** "Lavenue, Lionel" <lionel.lavenue@finnegan.com>
**Date:** Monday, July 7, 2025 at 1:33 PM
**To:** Evan Brewer <ebrewer@orrick.com>, Mark Siegmund <MSiegmund@CJSJLAW.com>, "Caridis, Alyssa" <acaridis@orrick.com>