**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

|  |  |
|---|---|
| CENTRALSQUARE TECHNOLOGIES, LLC, <br><br> Plaintiff and Counterclaim-Defendant, <br><br> v. <br><br> CARBYNE, INC., and CARBYNE LTD. <br><br> Defendants and Counterclaim-Plaintiffs. | Civil Action No. 1:24-cv-01497-ADA <br><br> JURY TRIAL DEMANDED |

**CARBYNE'S OPPOSITION TO CENTRALSQUARE'S MOTION TO STRIKE**

## I.     INTRODUCTION

CST moves to strike (Dkt. No. 26 ("MTS")) a letter attached to Carbyne's opposition to CST's motion to dismiss by distorting FRE 408 beyond recognition. In its pending motion to dismiss Carbyne's counterclaims, CST argued that Carbyne had insufficiently pleaded its declaratory judgment counterclaim for noninfringement, and that therefore CST was not on notice of the bases for this claim. Dkt. No. 21 ("MTD") at 19-20. But Carbyne's counterclaim expressly incorporated various letters in which Carbyne explained some of its noninfringement positions. Dkt. 18 at ¶ 71. In opposing the MTD, Carbyne attached one of those letters. Dkt. No 24 and *id*. at Ex. E.

CST now moves to strike this letter based on Rule 408—the rule of evidence precluding the use of settlement communications "to prove or disprove the validity or amount of a disputed claim." FRE 408. But Carbyne has in ***no way*** sought to prove or disprove the validity or amount of a disputed claim with this letter. Rather, Carbyne incorporated the letter in its counterclaim because the letter, along with two others that CST does not challenge, put CST on notice of Carbyne's noninfringement positions. And Carbyne attached the letter to its opposition because CST falsely alleged that it was not on notice of Carbyne's noninfringement theories.

Rule 408 does not prohibit Carbyne from using the letter like it has. Carbyne did not use the disputed letter to prove or disprove the validity (or amount of damages) of its declaratory judgment counterclaim. The letter does not prove or disprove whether Carbyne infringes. It isn't even evidence—it is attorney argument setting out Carbyne's positions. But what the letter does show is that CST is well aware of the bases for Carbyne's noninfringement counterclaim.

CST is wrong on the law, applies the law incorrectly, and has the facts wrong. Carbyne repeatedly explained how and why CST is wrong before CST filed this motion. CST nevertheless chose to file a motion that has no legitimate basis. CST's motion should be denied.

II.      **BACKGROUND**

CST's motion presents a distorted recitation of the facts and communications leading up to this suit. Carbyne seeks to correct those inaccuracies here.

A.      **Pre-Suit Communications**

In the midst of a good-faith and cooperative business arrangement (*see* Dkt. No. 18, ¶¶11-35), CST sent a letter to Carbyne on November 4, 2021 regarding U.S. Patent No. 9,301,117 ("the '117 Patent")—a predecessor to the patent asserted here. Dkt. 1 at Ex. A. The parties exchanged a series of letters over the next six months regarding the '117 Patent, culminating in a letter from Carbyne's prior counsel to CST on July 21, 2022. *Id*. at ¶¶ 33-47. In that letter, Carbyne explained its position that the '117 Patent was invalid in light of a specific combination of prior art references. ***CST did not respond to that letter***. *Id*. at ¶¶ 38-39. Instead, unbeknownst to Carbyne, after receiving that letter, CST approached the Patent Office under the guise of seeking a reissue patent, while submitting to the Patent Office the prior art that Carbyne had identified.

CST remained silent for nearly ***two years***. Only after RE50,016 (the "'016 Patent") issued did CST re-emerge. On June 26, 2024, CST sent a letter to Carbyne notifying Carbyne of CST's new patent. *Id*.at ¶¶ 45-46. Carbyne set out to investigate CST's new patent and engage new counsel. Once Carbyne engaged new counsel, the undersigned immediately reached out to CST's counsel explaining the situation and promising a forthcoming response. Dkt. No. 26-5, at 1-2. A few weeks later (and without any prompting), Ms. Caridis notified CST's counsel that she was leaving the country for a few weeks and that CST should expect a response in mid-December. Rather than wait for that response, CST filed its complaint on December 4. *Id*.

### B.    Post-Suit Communications

Carbyne sent the letter at issue here on December 13, 2024 to CST. Dkt. No. 26-5.[1] The letter sets forth some of Carbyne's noninfringement and invalidity positions for CST's '016 Patent, and comments on how the feature accused by CST is seldom-used. *Id*. The letter expresses Carbyne's belief that litigation would be wasteful, and that Carbyne would be open to further discussions to avoid litigation. *Id*. Carbyne noted in the header of the letter that it was sent "Subject to Fed. R. Evid. 408." *Id*.

On June 16, 2025, Carbyne filed counterclaims, including a declaratory judgment counterclaim of noninfringement.[2] This claim expressly incorporated the disputed letter by reference, as well as two other letters sent by Carbyne to CST. Dkt. No. 18, ¶ 71.

CST moved to dismiss Carbyne's counterclaim complaint on June 30, 2025. CST argued that Carbyne's declaratory judgment counterclaims should be dismissed because they are inadequately pleaded. CST argued for dismissal of Carbyne's noninfringement and invalidity declaratory judgment counterclaim because, according to CST: (i) Carbyne did not properly incorporate the letter at issue (though CST did not explain this contention or cite any case law); and (ii) the declaratory judgment of noninfringement counterclaim does not contain sufficient allegations to put CST on notice of Carbyne's theories.

Carbyne filed an opposition on July 14, 2025, refuting CST's claims about incorporation of the disputed letter and attaching the disputed letter to the opposition as evidence that CST was

---

[1] CST implies that Carbyne's December 13 letter was some sort of improper tactic. Motion at 1-2 ("[o]nly after the Complaint was filed did Carbyne respond to put Carbyne in the best light for negotiations"). Not so. Carbyne told CST it would respond to its letter in mid-December. Rather than wait, CST filed the complaint.

[2] Carbyne filed its first responsive pleading on May 12, 2025. Dkt. No. 11. CST moved to dismiss. Dkt. No. 15. While Carbyne believes CST's motion lacked any reasonable merit, in an effort to avoid burdening this Court with needless motion practice, Carbyne amended its counterclaims on June 16, 2025. Shockingly, CST renewed its motion to dismiss. Dkt. No. 21.

in fact on notice of Carbyne's noninfringement positions.

CST contacted Carbyne on Sunday, July 20, 2025, contending that Carbyne's use of the disputed letter in its opposition violated FRE 408. Dkt. No. 26-2. Carbyne responded the next day, explaining how this was not so: that the letter was incorporated into the counterclaim, that Carbyne used the letter only to refute CST's false assertion that it was not on notice of Carbyne's non-infringement positions, and that CST had misread the cases it cited. Dkt. No. 26-1.

On August 7, 2025, CST responded, expressing its disagreement and asking for a meet and confer. The parties met and conferred on August 12, 2025. Declaration of Evan Brewer ("Brewer Decl."), ¶ 2. During the meet and confer, counsel for Carbyne repeatedly requested that CST provide case law supporting its contention that Carbyne had used the disputed letter for a prohibited purpose under FRE 408. *Id*. at ¶ 3. CST's counsel refused and repeatedly insisted that Carbyne used the letter to prove the "validity" of its declaratory judgment claim. *Id*. Counsel for Carbyne expressed their belief that CST's position was meritless, and that filing a motion to strike without basis was inappropriate. *Id*. at ¶ 4. CST nevertheless filed this motion.

## III.    LEGAL STANDARD

FRE 408 provides that "statement[s] made during compromise negotiations about the claim" are "not admissible—on behalf of any party—either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." However, statements made during compromise negotiations (i.e., settlement communications) may be used for other purposes, "such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution." FRE 408(b).

In other words, FRE 408 is structured such that settlement communications are prohibited only in the specified circumstances (to prove or disprove the validity or amount of a claim or to

impeach a prior inconsistent statement) but the Rule does **not** create a blanket prohibition against

*any* use of settlement communications, and expressly provides that such communications may be

used for other purposes. For example, settlement communications may be used to show **notice**,

(*see, e.g.*, *United States v. Austin*, 54 F.3d 394 (7th Cir. 1995) (FRE 408 does not bar evidence

used in part to "show[ ] that [the defendant] was on notice")), **willfulness**, (*see, e.g.*, *Microban*

*Prod. Co. v. API Indus., Inc.*, No. 14-CV-41, 2014 WL 1856471, at *3 n.10 (S.D.N.Y. May 8,

2014) (finding that an "offer in compromise" was not barred by Rule 408 because the party seeking

to introduce it used it "as evidence of ... willful infringement; and it is clearly admissible for that

purpose")), or **knowledge** (*see, e.g.*, *Microsoft Corp. v. Motorola, Inc.*, 795 F.3d 1024, 1055 (9th

Cir. 2015) (Rule 408 does not bar evidence submitted to prove "notice or knowledge")).

In the patent infringement context, settlement communications are not barred by FRE 408

where they are used to show notice of a patent or **notice of a party's claims.** *See, e.g.*, *Samsung*

*Electronics Co., Ltd. v. Quanta Computer, Inc*., No. 00-CV-04524, 2006 WL 2850028, at *5 (N.D.

Cal. Oct. 4, 2006) (holding Rule 408 would not bar admission of pre-litigation settlement

negotiations introduced "to demonstrate [the defendant] had actual notice of the '273 patent and

[the plaintiff]'s assertion of infringement").

The fundamental purpose of FRE 408 is to "make[] evidence of settlement or attempted

settlement of a disputed claim inadmissible **when offered as an admission of liability or the**

**amount of liability** [so as] to encourage settlements which would be discouraged if such evidence

were admissible." Notes of Committee on the Judiciary, Senate Report No. 93–1277.

Finally, "Rule 408 does not provide a rule against disclosure, only admissibility." *Two-*

*Way Media LLC v. AT&T Inc*., 2011 WL 13113724, at *4 (W.D. Tex. March 7, 2011) (granting

motion to compel patentee to produce documents concerning negotiation communications with

another accused infringer).

## IV.    ARGUMENT

### A.    Carbyne Used the Disputed Letter to Show CST Was on Notice of Carbyne's Non-Infringement and Invalidity Positions.

Carbyne's declaratory judgment counterclaim for noninfringement incorporates by

reference the disputed letter and two others. Dkt. 18, ¶ 71. CST moved to dismiss this claim, stating

that it "challenges [Carbyne's] incorporation" of the letters,[3] and that Carbyne's declaratory

judgment claim is "woefully inadequate," citing *McZeal v. Sprint Nextel Corp*., 501 F.3d 1354

(Fed. Cir. 2007) for the proposition that a counterclaim must "place the [party] on notice" of the

legal theories. MTD at 19-20.

Because CST's motion to dismiss (falsely) contended that CST was not on notice of

Carbyne's noninfringement theories, Carbyne attached the letters it had incorporated into its

declaratory judgment claims to Carbyne's opposition to show otherwise. Dkt. Nos. 24-2, 24-3, 24-

4.[4] In other words, Carbyne used the letters (including the disputed one) to show CST's ***notice*** of

Carbyne's noninfringement positions. This use—to rebut CST's false allegations regarding the

sufficiency of Carbyne's pleadings—was ***not*** "to prove or disprove the validity or amount of a

---

[3] As noted in Carbyne's opposition to CST's motion to dismiss, this is the entire substance of CST's argument that the letters were not properly incorporated into the complaint. No caselaw, no analysis, no explanation.

[4] As Carbyne explained in its opposition to CST's motion to dismiss, Carbyne both properly incorporated the letters into its counterclaim complaint, and courts may consider a referenced document in response to a motion to dismiss in cases like this. See Dkt. No. 24, at 5; *see also Tellabs, Inc. v. Makor Issues & Rts., Ltd*., 551 U.S. 308, 322 (2007) (on a Rule 12 motion, courts "must" consider "documents incorporated into the complaint by reference" and "matters of which a court may take judicial notice"). *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) ("[A] court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." (citation omitted).

disputed claim." FRE 408. As explained below, the case law is unequivocal that such use is permissible under FRE 408.

**B.      Rule 408 Does Not Prohibit Carbyne's Use of the Disputed Letter.**

Rule 408's prohibition on the use of settlement discussions "to prove or disprove the validity or amount of a disputed claim" is relatively narrow and specific. FRE 408. FRE 408(b) expressly provides that settlement discussions *are* admissible for *other purposes*. Carbyne used the disputed letter for such an "other", permissible purpose: to show that CST had notice of Carbyne's theories.[5] FRE 408 does not bar Carbyne's use of the disputed letter.

The caselaw unambiguously agrees. For example, in *Power Integrations, Inc. v. ON Semiconductor Corp.*, the defendant challenged plaintiff's use of certain settlement communications as proof that the defendant was on notice of the plaintiff's claims. 396 F. Supp. 3d 851, 859–60 (N.D. Cal. 2019). That court held, as a matter of law, that Rule 408 does not bar use of settlement communications "as notice." *Id*. at 859, 860. The Court credited the Advisory Committee Notes to the 2006 Amendments to Rule 408 as "***abundantly clear that such evidence is admissible to prove notice***, stating that '[t]he amendment does not affect the case law providing that Rule 408 is inapplicable when evidence of the compromise is offered to prove notice.'" *Id*. (emphasis added). There is no shortage of similar caselaw. *See, e.g.*, *Microsoft, Inc.*, 795 F.3d at 1055 (recognizing that Rule 408 does not bar evidence submitted to prove "notice or knowledge" and holding admission of previous consent decree with FTC was allowed under Rule 408 to "show [the defendant] was aware the FTC (and [plaintiff]) found its conduct questionable enough to merit investigation"); *Austin*, 54 F.3d at 394 (upholding admission of evidence relating to FTC settlement because it was used in part to "show[ ] that [the defendant] was on notice when he

---

[5] Much like CST used its pre-suit communication letters to argue that Carbyne had pre-suit notice of the asserted patent here.

subsequently sold prints that those prints were forgeries"); *Samsung*, 2006 WL 2850028, at \*5 (holding Rule 408 would not bar admission of pre-litigation settlement negotiations introduced "to demonstrate [the defendant] had actual notice of the '273 patent and [the plaintiff]'s assertion of infringement"); *cf. Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc*., 687 F.2d 182, 185 (7th Cir. 1982) ("In this case, the 'settlement' evidence was properly presented below to rebut defendants' assertion that they had not been aware of the issues until the suit was filed.").

Likewise, the Advisory Committee Notes to the 2006 Amendment to FRE 408 make clear that the very purpose for which Carbyne used the disputed letter is ***expressly permissible***. Specifically, the Advisory Committee Notes state that "[t]he [2006] amendment does not affect the case law providing that ***Rule 408 is inapplicable when evidence of the compromise is offered to prove notice***." (emphasis added). *See also, e.g., United States v. Austin*, 54 F.3d at 394 (no error to admit evidence of the defendant's settlement with the FTC, because it was offered to prove that the defendant was on notice that subsequent similar conduct was wrongful); *Spell v. McDaniel*, 824 F.2d 1380 (4th Cir. 1987) (prior settlement City of another claim was properly admitted to prove that the City was on notice of aggressive behavior by police officers).

Finally, "Rule 408 does not provide a rule against disclosure, only admissibility." *Two-Way Media*, 2011 WL 13113724 at \*4. That is, Rule governs the admissibility of evidence at trial, not the discoverability of such evidence or whether it is relevant for another purpose, such as showing notice. *See, e.g., Microsoft, Inc.*, 795 F.3d at 1055 (Rule 408 does not bar evidence submitted to prove "notice or knowledge"); *see also City of Wichita v. Aero Holdings, Inc*., 192 F.R.D. 300, 301-02 (D. Kan. 2000) ("Even matter related to settlement negotiations, although barred by Fed. R. Evid. 408 to prove liability at trial, may still be discoverable under Rule 26") (citation omitted); *Alcan Int'l Ltd. v. S.A. Day Mfg. Co*., 179 F.R.D. 403, 405 (W.D. N.Y. 1998)

(Rule 408 "limits the introduction at trial of evidence regarding settlement negotiations, not the discoverability of the evidence."). Again, far from seeking to admit the disputed letter at trial as evidence of liability or damages, Carbyne used the letter to show **at the pleadings stage** to refute CST's own argument disclaiming **notice**. FRE 408 plainly does not bar such use.

### C.    CST Is Categorically Wrong on the Law.

CST's entire motion is premised on, at best, a misunderstanding of FRE 408. CST flatly claims that "[l]egal precedent, nevertheless, holds that submitting copies of communications subject to FRE 408 is improper." This is emphatically wrong, as explained above. FRE 408 is not a blanket prohibition on the use of settlement communications as a whole, or in all cases.

Even CST's **own cases** show how wrong its argument is. In *Flexuspine, Inc. v. Globus Med., Inc.,* the Court excluded one party's use of statements during settlement negotiations "as a basis for a reasonable royalty in [the party's expert's] damages calculation," because Rule 408 bars use of settlement communications to "prove or disprove the . . . amount of a disputed claim." No. 6:15-CV-201-JRG-KNM, 2016 WL 9279999, at *3 (E.D. Tex. July 6, 2016). But the Court **expressly permitted** use of the same settlement statements by the other side because they were not used "to prove or disprove an amount" and were thus "not improper under Rule 408." *Id*. at *4.

Similarly, in *Mobile Micromedia Sols., LLC v. Nissan N. Am., Inc*., the Court disallowed use of Nissan's in-house counsel's prior statements that "Nissan's accused entertainment systems infringe the '931 patent and that Nissan was interested in purchasing a license to the technology." No. 5:05CV230, 2007 WL 9724764, at *1 (E.D. Tex. Oct. 30, 2007). The Court explained that such statements were inadmissible under FRE 408 because "to show liability for [plaintiff's] claim of infringement or for its amount." *Id*. at *5 n.2; *see also id*. at *4 (quoting *Affiliated Mfg., Inc. v. Aluminum Co. of America*, 56 F.3d 521, 526 (3d Cir. 1995)). But the Court made clear that Rule 408 is "limited to" evidence offered to show liability or damages, and that such statements "may

be admissible for other purposes." *Id*. at *4; *see also Affiliated Mfg*., 56 F.3d at 526 (Rule 408 "does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations. This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.").

The same is true of each and every case CST cites. *See, e.g., Long v. Cat Exteriors*, No. SA-22-CV-00923-JKP, 2022 WL 15046726, at *1 (W.D. Tex. Oct. 22, 2022) (court striking an "open letter to the court" in which the plaintiff summarized all the parties' settlement discussions, including specific settlement offer amounts, without explaining the relevance or even seeking any particular relief); *Ross v. Dejarnetti*, 514 F. Supp. 3d 845, 852 (E.D. La. 2021) (striking paragraphs of a complaint that "clearly relie[d] on statements made during settlement discussions to prove the validity of [the asserted] claim."); *Washington v. Pacific Summit Energy*, No. 4:20-CV-290, 2021 WL 229653, at *2-3 (S.D. Tex. Jan. 21, 2021) (striking two paragraphs of a Complaint revealing "discussions between counsel" which "appear to be discussions involving settlement" without elaboration but with the implication that their intended use was to prove or disprove liability or the amount of damages).[6]

### D.   CST is Wrong About the Facts Here.

CST is equally wrong when it claims that Carbyne used the disputed letter "to prove or disprove the validity or amount of a disputed claim." CST claims that "Carbyne publicly disclosed and relied upon confidential settlement communications—protected by FRE 408—to support the

---

[6] Carbyne distinguishes only a selection of CST's cases here, but counsel for Carbyne has reviewed each case and ***not one*** supports CST's position—which, given it is fully contrary to black letter law, is not surprising.

merits of its declaratory judgment counterclaim pleadings and argue against CentralSquare's Motion to Dismiss." MTS at 6. Wrong. CST's motion to dismiss challenges **the sufficiency of Carbyne's pleadings**, **not** the merits of Carbyne's claims. Carbyne simply used the letter to show notice—nothing more.

Nowhere in its motion does CST explain **how** Carbyne has used the letter to prove or disprove the validity of a claim. CST appears simply to assume that this is self-evident. The closest we get is the following: "[Carbyne] seeks to use the letters to support the validity of its pleadings which in turn are the validity of its claims for relief." MTS at 8. To the extent that this makes any sense, it appears to equate the **adequacy of Carbyne's claims** on a motion to dismiss and the ultimate **factual merits** of its claims. Again, this is simply wrong. The question here is simple: can a letter designated under FRE 408 be used to show notice? The answer is unequivocally yes.

### E.    The Remainder of CST's Arguments Fail.

The balance of CST's motion fares no better.

First, CST quotes several portions of the disputed letter, claiming that their public airing is "deeply prejudicial."[7] MTS at 7. An example: "CentralSquare does not appear to dispute that the prior art (at least Salafia) teaches all of the features of original claim 1 of the '117 Patent." *Id*. This is of course not evidence—it is just an assertion of Carbyne's position—and is not at all unduly or unfairly prejudicial to CST.

Second, CST misconstrues the exemplary exceptions in FRE 408 as the **only** permissible uses of settlement communications under the Rule. Opp. at 8 n.1. This is plainly false, and illustrates CST's confusion. As explained above, FRE 408 does not make all settlement communications somehow inadmissible. Rather, it prohibits only **certain uses**: *e.g.*, to prove or

---

[7] Carbyne notes that CST did not seek to seal is motion quoting the letter, which negates its argument.

disprove liability or damages. Meaning, everything else is fair game unless otherwise inadmissible on other grounds. FRE 408(b) could not be clearer on this point: "The court may admit this evidence for **another purpose**, **such as**" the listed exceptions CST portrays as exclusive, not exemplary. FRE 408(b) (emphasis added).

Third, CST argues that Carbyne "openly recognizes" that FRE 408 precludes Carbyne's use of the letters because it told CST that the "letters are plainly relevant to the controversy." MTS at 8. This is nonsense. The controversy to which the letters are relevant is that raised by CST's motion to dismiss: whether Carbyne's noninfringement counterclaim is adequately pleaded. That is: **not** the merits of or damages from Carbyne's claim.

Fourth, CST repeatedly says Carbyne's use of the disputed letter is inappropriate because the letter is "confidential." But CST provides no basis for this: the parties were not under NDA,[8] and the letter was simply designated as subject to FRE 408. It was not confidential.[9]

Finally, CST's various "policy arguments" are mistaken and irrelevant. The policy behind FRE 408 is to encourage openness in settlement negotiations by precluding the use of statements and offers in compromise. Thus, the Rule bars the use of settlement statements to prove or disprove the merits or the amount of damages. As an example, if Carbyne had offered to settle the case in its letter for $1, neither party could use that offer as evidence that Carbyne infringed or of what damages should be awarded. But FRE 408 is clear that it **only** prohibits these particular uses. It is simply not the case that the drafters of the rules or any court has intended or held that all settlement

---

[8] In fact, **Carbyne proposed an NDA** during pre-suit communications, but **CST** told Carbyne it did not "see the need for" one. Brewer Decl., Ex A. For CST to now claim that all the communications were or are confidential is brazen.

[9] CST breathlessly claims that "Carbyne's conduct casts doubt as to whether *any* communication between the parties will be kept confidential." MTS at 11. These sorts of hysterics have no basis in reality. This is *Carbyne's* letter at issue, containing *Carbyne's* positions. As noted, it was not confidential. CST's aspersions are inappropriate and baseless.

communications are inadmissible for all purposes. Carbyne's use here falls squarely outside the

FRE 408 prohibition, and CST's arguments about how Carbyne has created a "one-sided

evidentiary trap" and is "trying to have it both ways" are pure sophistry. Again, CST made the

letter relevant by claiming it was not on notice of Carbyne's theories. The letter obviously shows

CST **is on** notice. If any party is seeking to "have it both ways," it is CST.

## V.      **CONCLUSION**

For the foregoing reasons, the Court should deny CST's motion to strike in its entirety.

Dated: August 26, 2025                  */s/ Mark D. Siegmund*
                                         Mark Siegmund
                                         State Bar No. 24117055
                                         **CHERRY JOHNSON SIEGMUND JAMES PC**
                                         Bridgeview Center
                                         7901 Fish Pond Road, 2nd Floor
                                         Waco, Texas 76710
                                         Phone: (254) 732-2242
                                         Fax: (866) 627-3509
                                         msiegmund@cjsjlaw.com

                                         Alyssa Caridis
                                         **Orrick, Herrington & Sutcliffe LLP**
                                         355 S. Grand Ave
                                         Suite 2700
                                         Los Angeles, CA 90071
                                         Phone: (213) 612-2372
                                         Email: acaridis@orrick.com


                                         *Attorney for Defendants*
                                         CARBYNE, INC., AND CARBYNE, LTD.

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2025, I caused the foregoing to be electronically with the Clerk of Court using the CM/ECF system, which will send a notification of such filing ("NEF") all counsel of record who have appeared in this case. I also caused the document above and exhibits thereto to be sent to all counsel of record via electronic mail August 26, 2025.

/s/ Mark D. Siegmund
Mark Siegmund