IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| CENTRALSQUARE TECHNOLOGIES, LLC<br><br>    Plaintiff and Counterclaim-Defendant,<br><br>v.<br><br>CARBYNE, INC., AND CARBYNE, LTD.<br><br>    Defendants and Counterclaim-Plaintiffs. | Civil Action No. 1:24-cv-01497-ADA |

**<u>CENTRALSQUARE'S REPLY IN SUPPORT OF MOTION TO STRIKE DISCUSSION OF RULE 408 SETTLEMENT NEGOTIATIONS</u>**

## TABLE OF CONTENTS

I.   Introduction: Carbyne's Argument Fails as its Use of Exhibit C Falls Within the Prohibited Uses of FRE Rule 408 ................................................................................... 1

II.  Argument: Carbyne's Use of Exhibit C Against CentralSquare Violates Rule 408 ........... 2

   A.   Carbyne Fails to Rebut the Authorities Cited in the Motion ................................. 2

   B.   Carbyne's "Notice" Rebuttal Authorities Do Not Permit Use of Exhibit C ........... 4

   C.   Carbyne's Advisory Committee Argument Misreads Rule 408 ............................. 6

   D.   Carbyne's "Discoverability" Argument Does Not Permit Use of Exhibit C .......... 7

   E.   Carbyne's Use of Settlement Letters Undermines Both Plausibility and Validity ..................................................................................................................... 7

   F.   CentralSquare Is Entitled to Public Pleading Notice ............................................. 8

VI.  Conclusion: Exhibit C Should Be Struck ............................................................................ 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................................7

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ................................................................................................................7

*Bot M8 LLC v. Sony Corp. of Am.*,
    4 F.4th 1342 (Fed. Cir. 2021) .................................................................................................8

*Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.*,
    687 F.2d 182 (7th Cir. 1982) ..................................................................................................6

*Harrell v. United States*,
    13 F.3d 232 (7th Cir. 1993) ....................................................................................................9

*Long v. Cat Exteriors*,
    No. SA-22-CV-00923-JKP, 2022 WL 15046726 (W.D. Tex. Oct. 22, 2022) ....................2, 3

*Manko v. United States*,
    830 F. Supp. 2d 1305 (D. Kan. 2011) .....................................................................................7

*McZeal v. Sprint Nextel Corp.*,
    501 F.3d 1354 (Fed. Cir. 2007) ..............................................................................................1

*Microsoft Corp. v. Motorola, Inc.*,
    795 F.3d 1024 (9th Cir. 2015) ................................................................................................5

*Pierce v. F.R. Bell & Co.*,
    2011 WL 4448497 (D. Alaska Sept. 26, 2011) ......................................................................7

*Power Integrations, Inc. v. ON Semiconductor Corp.*,
    396 F. Supp. 3d 851 (N.D. Cal. 2019) ....................................................................................5

*Ross v. Dejarnetti*,
    514 F. Supp. 3d 845 (E.D. La. 2021) ..............................................................................2, 3, 4

*Samsung Electronics Co. v. Quanta Computer*,
    2006 WL 2850028 (N.D. Cal. Oct. 4, 2006) ..........................................................................4

*Schneider v. Cal. Dep't of Corr.*,
    151 F.3d 1194 (9th Cir. 1998) ................................................................................................9

*United States v. Austin*,
   54 F.3d 394 (7th Cir. 1995) .................................................................................................5, 6

*Washington v. Pacific Summit Energy*,
   No. 4:20-CV-290, 2021 WL 229653 (S.D. Tex. Jan. 21, 2021) ...........................................2, 4

*Zurich Am. Ins. Co. v. Watts Indus., Inc.*,
   417 F.3d 682 (7th Cir. 2005) ....................................................................................................7

**Other Authorities**

Fed. R. Evid. 408 ................................................................................................................ *passim*

Rule 7(a) ............................................................................................................................................9

Rule 12(b)(6) ................................................................................................................................7, 9

Rule 26 ..............................................................................................................................................7

Rule 408(a) .......................................................................................................................................2

Rule 408's ....................................................................................................................................3, 4

I.  **Introduction: Carbyne's Argument Fails as its Use of Exhibit C Falls Within the Prohibited Uses of FRE Rule 408**

Carbyne's opposition fails to rebut the core issue: Exhibit C is not used here to show "notice," but rather to support the plausibility and validity of its pled allegations—a prohibited use. And Carbyne's circular attempts to disguise its improper use as "notice" fails to move the issue from prohibited use to an exception. Carbyne could have simply *included* the support it now points to as "notice" from Exhibit C in any one of its amended complaints, rather than attempting to incorporate the entire letter, including all the off-topic party settlement and damage discussions. But Carbyne refused multiple times to properly plead its allegations and then doubled down by improperly exposing party settlement discussions as a backfill.

Carbyne's "notice" framing is a diversion—especially in the declaratory judgment *invalidity* context here where "notice" is not an underlying element. Carbyne used Exhibit C to (1) argue the validity and plausibility of its claims and (2) impeach CentralSquare's credibility, both of which are expressly barred by Fed. R. Evid. 408 (FRE 408). And Carbyne's efforts to pivot this discussion away from those prohibited uses to an issue of *private* notice not only misses the mark for FRE 408 but also misses the mark for the *Twombly/Iqbal* pleading standard for patents described in *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354 (Fed. Cir. 2007). *McZeal* stands for the *public* pleading standards for providing *public* notice of an allegation— it does not permit public disclosure of private settlement communications under the guise of "notice," as Carbyne argues. Public notice enables judicial *and* party scrutiny alike and prevents parties from selectively shielding or weaponizing settlement communications. Substituting private notice invites the sword-and-shield dynamic Rule 408 was designed to prevent.

The remaining cases Carbyne raises are unavailing as well and do not pertain to the issues at hand: attempting to backfill pleadings to prop up the plausibility of pled allegations. Carbyne's continued refusal to retract its improper submission of Exhibit C warrants striking it.

II.     **Argument: Carbyne's Use of Exhibit C Against CentralSquare Violates Rule 408**

Rule 408(a) prohibits the use of settlement communications "to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." Fed. R. Evid. 408(a). Carbyne's use of Exhibit C—a December 2024 settlement letter tagged under FRE 408 *by Carbyne*—falls within that prohibited use as an effort to bolster the plausibility of its declaratory judgment counterclaims.

Carbyne's attempt to reframe this as "notice" does not cure the problem. Courts have repeatedly rejected attempts to use settlement communications in this way. See *Ross v. Dejarnetti*, 514 F. Supp. 3d 845, 852 (E.D. La. 2021) (striking complaint paragraphs relying on settlement statements to prove claim validity); *Washington v. Pacific Summit Energy*, No. 4:20-CV-290, 2021 WL 229653, at *2–3 (S.D. Tex. Jan. 21, 2021) (same); *Long v. Cat Exteriors*, No. SA-22-CV-00923-JKP, 2022 WL 15046726, at *1 (W.D. Tex. Oct. 22, 2022) (striking "open letter" summarizing settlement discussions).

Each of Carbyne's rebuttal arguments fail.

A.     **Carbyne Fails to Rebut the Authorities Cited in the Motion**

Neither *Flexuspine* nor *Mobile Micromedia* supports Carbyne's attempt to selectively invoke settlement communications while shielding them from scrutiny—and Carbyne fails to rebut them. In *Flexuspine,* the court excluded settlement-related evidence under Rule 408, reaffirming that such communications cannot be used to prove the validity or amount of a disputed claim. No. 6:15-CV-201-JRG-KNM, 2016 WL 9279999, at *3 (E.D. Tex. July 6, 2016). That principle cuts against Carbyne's position: here, Carbyne seeks to rely on settlement letters to bolster the

substance of its counterclaims—precisely the kind of use *Flexuspine* forbids.

*Flexuspine* acknowledged narrow exceptions for purposes unrelated to proving liability or damages—such as demonstrating notice or intent—but only where the use did not implicate Rule 408's core protections. Carbyne's reliance falls outside those bounds. Rather than invoking settlement communications for a permissible ancillary purpose, Carbyne attempts to weaponize them to advance the plausibility of its claims while simultaneously invoking Rule 408 to bar CentralSquare from responding in kind. That is not a legitimate evidentiary strategy—it is a calculated misuse that distorts the adversarial process.

Similarly, *Mobile Micromedia Sols., LLC v. Nissan N. Am., Inc.* rejected the use of settlement statements to show infringement liability, emphasizing that Rule 408 applies when evidence is offered "to show liability for [plaintiff's] claim of infringement or for its amount." No. 5:05-CV-230, 2007 WL 9724764, at *5 n.2 (E.D. Tex. Oct. 30, 2007). The court's reasoning underscores the same core concern: Rule 408 bars parties from using settlement communications to prove the merits of a disputed claim. Carbyne's attempt to rely on such communications to support its counterclaims—while simultaneously invoking Rule 408 to block CST's rebuttal—mirrors the very evidentiary misuse *Mobile Micromedia* condemned.

In short, both cases reinforce the principle that Rule 408 is designed to prevent parties from using settlement discussions as both sword and shield. Carbyne's approach violates that principle, and neither *Flexuspine* nor *Mobile Micromedia* offers any support for its position.

CentralSquare's cited cases further reinforce this principle. In *Long v. Cat Exteriors*, the court struck an "open letter" summarizing settlement discussions because it improperly disclosed offer amounts without legal relevance. No. SA-22-CV-00923-JKP, 2022 WL 15046726, at *1 (W.D. Tex. Oct. 22, 2022). Similarly, *Ross v. Dejarnetti* struck complaint paragraphs that relied

on settlement statements to prove the validity of the plaintiff's claim. 514 F. Supp. 3d 845, 852 (E.D. La. 2021). And in *Washington v. Pacific Summit Energy*, the court struck portions of a complaint revealing settlement discussions that appeared aimed at proving liability. No. 4:20-CV-290, 2021 WL 229653, at *2–3 (S.D. Tex. Jan. 21, 2021).

      **B.    Carbyne's "Notice" Rebuttal Authorities Do Not Permit Use of Exhibit C**

Carbyne's case law misses the mark. For instance, Carbyne's reliance on *Samsung Electronics Co. v. Quanta Computer*, 2006 WL 2850028 (N.D. Cal. Oct. 4, 2006) is misplaced. Opposition at 6. That decision does not support the blanket admissibility of settlement communications to establish "notice" at the pleading stage as Carbyne argues. *Id*. In fact, *Samsung* reinforces the principle that Rule 408 bars the use of pre-litigation settlement offers when they are made to avoid litigation—precisely the context at issue here. *Samsung,* 2006 WL 2850028, at *4. That court emphasized that the communications were "precisely the sort of settlement offers—made in an effort to avoid litigation—that FRE 408 bars." *Id.* It emphasized that Samsung had "expressly and impliedly threatened suit throughout the negotiations," and that "permitting Samsung to use these licensing offers in trial would frustrate FRE 408's underlying purpose: 'the promotion of the public policy favoring the compromise and settlement of disputes.'" *Id.* at *5 (quoting FRE 408, Advisory Committee Notes).

While the *Samsung* court acknowledged that some evidence might be admissible to show actual notice of the patent, it made clear that such use must be narrowly tailored and evaluated at trial—not used wholesale in pleadings or motion practice. The court declined to exclude all evidence preemptively, but it expressly reserved judgment on admissibility until specific evidence was offered at trial. *Samsung*, 2006 WL 2850028, at *5. Carbyne's use of Exhibit C goes beyond what *Samsung* permits. While some portions of the letter may ultimately be admissible, the wholesale public disclosure of the letter, disclosure of settlement and damage discussions, and

4

attempt to prop up the validity and plausibility of its allegations are prohibited.

Carbyne next points to cases permitting evidence for *other* reasons beyond the prohibit uses—none of those apply here. Carbyne's reliance on *Power Integrations, Microsoft,* and *Austin* is misplaced as those cases permitted limited references to settlement evidence to rebut claims of ignorance or prove intent—again, notice elements of the merits not at hand here. *Power Integrations, Inc. v. ON Semiconductor Corp.*, 396 F. Supp. 3d 851, 859–60 (N.D. Cal. 2019); *Microsoft Corp. v. Motorola, Inc.*, 795 F.3d 1024, 1055 (9th Cir. 2015); *United States v. Austin*, 54 F.3d 394, 396 (7th Cir. 1995); Opposition at 8-9.

Carbyne cites *Microsoft* for the proposition that Rule 408 does not bar evidence used to prove "notice or knowledge." *Microsoft, Corp.,* 795 F.3d 1024, 1055*;* Opposition at 8. Setting aside that the *private* notice between parties is not an issue here, nevertheless, the holding was narrowly tailored to a specific admission of fact: the district court admitted testimony about a prior FTC investigation—not to prove liability or damages—but to show that Motorola was aware its conduct had previously been deemed objectionable by regulators and industry peers. *Id.* at 1055-56. The decree at issue was not a private settlement offer, but a final agency action, and the court took pains to ensure that it was not used to prove the truth of the government's allegations. *Id.* at 1056. In fact, the court twice instructed the jury that the decree did not constitute an admission of wrongdoing and that allegations in a government investigation are not proof of the truth of the matter asserted. *Id.* Here, Carbyne's use of Exhibit C is fundamentally different. Exhibit C is a private settlement communication, offered not merely to show awareness but to support the plausibility of Carbyne's counterclaims and rebut CentralSquare's arguments on the merits. Unlike the consent decree in *Microsoft*, Exhibit C was created in the context of compromise negotiations and is being used to validate Carbyne's claims, not to show mere notice or knowledge.

Next, Carbyne's reliance on *Austin* is likewise unavailing. *United States v. Austin*, 54 F.3d 394 (7th Cir. 1995); Opposition at 8-9. In *Austin*, the court upheld the admission of FTC settlement evidence to show that the defendant was on notice that his prints were forgeries. *Id.* at 400. The court permitted the evidence because it was relevant to the defendant's knowledge and intent—core elements of the underlying claim. Consent decree was introduced to show that Austin had been warned about the fraudulent nature of his conduct and that he knowingly violated the decree's conditions. *Id.* The decree also laid the evidentiary foundation for the government's exhibits and provided critical background for the indictment. *Id.* Importantly, the court emphasized that Rule 408 bars the use of settlement evidence to prove liability but allows it when offered for another legitimate purpose—such as intent or notice in a criminal prosecution. *Id.*

Carbyne's reliance on *Austin* ignores this critical distinction. Exhibit C is not being used to show knowledge or intent in a criminal proceeding, nor is it foundational background for a broader evidentiary narrative. Instead, Carbyne uses it to rebut CentralSquare's plausibility arguments and to support the validity of its counterclaims. Unlike *Austin*, where the settlement evidence was narrowly admitted for non-liability purposes at trial, Carbyne seeks to use Exhibit C affirmatively at the pleading stage to validate contested claims.

Carbyne's reliance on *Breuer* is also misplaced. *Breuer* involved the use of settlement-related evidence to rebut a defendant's claim that it was unaware of the issues prior to litigation. *Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 186 (7th Cir. 1982). The court permitted the evidence to correct a misleading narrative—not to establish liability or damages. *Id.* Carbyne's reliance on *Breuer* fails for the same reason: it permits evidence for *another* purpose other than establishing the validity of a pleading.

**C.     Carbyne's Advisory Committee Argument Misreads Rule 408**

Carbyne's invocation of the 2006 Advisory Committee Notes to FRE 408 is unavailing.

6

Opposition at 9. While the Notes acknowledge that Rule 408 does not bar evidence offered to prove "notice," they do not authorize parties to repackage explicit prohibited uses as "notice." The Note must be read in context: as addressed above, courts permit such use in narrow circumstances, impeachment or when the notice is directly relevant to an element of a claim or defense. The above cases underscore this point.

### D. Carbyne's "Discoverability" Argument Does Not Permit Use of Exhibit C

Carbyne's fallback argument—that Rule 408 governs admissibility but not disclosure—is a red herring. CentralSquare does not contest that settlement communications may be discoverable under Rule 26. The issue is Carbyne's affirmative use of the settlement letter *in public* disclosure as a weapon in motion practice. Courts have consistently barred such uses, recognizing that allowing one party to inject settlement communications into the litigation record would chill candid negotiations and contravene the very policy Rule 408 embodies. See *Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 417 F.3d 682, 689 (7th Cir. 2005) (Rule 408 bars use of settlement evidence to prove liability even if relevant to other issues); *Manko v. United States*, 830 F. Supp. 2d 1305, 1310 (D. Kan. 2011) (rejecting use of settlement offer to support damages); *Pierce v. F.R. Bell & Co.*, 2011 WL 4448497, at *2 (D. Alaska Sept. 26, 2011) (settlement letters inadmissible to support summary judgment).

### E. Carbyne's Use of Settlement Letters Undermines Both Plausibility and Validity

Carbyne fails to address the shared analytical foundation between Rule 12(b)(6) plausibility of a pleading and Rule 408 validity of a claim. The plausibility standard under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) requires that a complainant allege facts that "raise a reasonable expectation that discovery will reveal evidence" supporting the claim. *Twombly*, 550 U.S. at 556. While this threshold does not

7

demand proof, it does require more than speculative or conclusory assertions.

FRE 408, through evidentiary, engages the same core inquiry: whether the underlying claim has merit. Carbyne's counterclaim for noninfringement, which merely attempts to incorporate three letters without articulating how the accused products fail to meet specific claim limitations, falls short of this standard. See *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021) (rejecting pleadings that "recit[e] the claim elements and merely conclude[e] that the accused product has those elements").

Both standards—plausibility of the pleadings and validity of the claim—exist on the same spectrum of proving the alleged conduct. The former asks whether the claim is believable enough to proceed; the latter asks whether it can be substantiated without relying on privileged settlement dialogue. The plausibility of a pled claim is not divorced from its eventual evidentiary support—it is the procedural gateway to that inquiry.

### F. CentralSquare Is Entitled to Public Pleading Notice

Carbyne's opposition fails to address a central argument in CentralSquare's Motion to Strike: that the purpose of pleading standards is not merely to provide private notice to the opposing party, but to ensure *public notice* of the legal theories at issue. This distinction is critical. Public notice enables meaningful judicial scrutiny, facilitates informed discourse among stakeholders, and prevents parties from selectively shielding or weaponizing settlement communications under the guise of vague or incomplete pleadings.

By relying on private correspondence—letters not attached to the pleadings and not publicly disclosed—Carbyne attempts to circumvent the requirement that its counterclaims be intelligible and reviewable on their face. This tactic invites precisely the kind of sword-and-shield dynamic CentralSquare warned against in its Motion to Strike: Carbyne seeks to leverage settlement communications to substantiate its claims, while simultaneously invoking Rule 408 to

shield those same communications from scrutiny or rebuttal. Such asymmetry is not merely procedurally improper—it strikes at the heart of fair litigation and undermines the integrity of the adversarial process.

Further, Carbyne cannot salvage Exhibit C by raising it in its opposition brief. Courts have consistently held a party may not amend a complaint through opposition briefing. *Schneider v. Cal. Dep't of Corr.,* 151 F.3d 1194, 1197 n.1 (9th Cir. 1998)("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers."); *Harrell v. United States,* 13 F.3d 232, 236 (7th Cir. 1993)("A plaintiff may not amend his complaint through arguments in his brief in opposition to a motion to dismiss."); see also 2 Moore's Federal Practice § 12.34[2] (Matthew Bender 3d ed.)("The court may not…take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a)."). Exhibit C is not part of Carbyne's complaint, and its attempt to inject that settlement letter through briefing is an improper and prejudicial end-run around the Federal Rules. The Court should therefore disregard Exhibit C in evaluating the sufficiency of Carbyne's pleadings and strike it as an improper and prejudicial attempt to supplement the record outside the bounds of the Federal Rules.

### VI. Conclusion: Exhibit C Should Be Struck

For the foregoing reasons, CentralSquare respectfully requests the requested relief.

Dated:  September 2, 2025                             Respectfully submitted,

                                                      */s/ Lionel M. Lavenue*
                                                      Lionel M. Lavenue
                                                      Virginia Bar No. 49,005
                                                      lionel.lavenue@finnegan.com
                                                      **FINNEGAN, HENDERSON, FARABOW,**
                                                      **GARRETT & DUNNER, LLP**
                                                      1875 Explorer Street, Suite 800

9

Reston, VA 20190  
Phone: (571) 203-2700  
Fax: (202) 408-4400  

**ATTORNEY FOR PLAINTIFF AND COUNTERCLAIM-DEFENDANT CENTRALSQUARE TECHNOLOGIES, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that on September 2, 2025, I electronically filed the foregoing **PLAINTIFF CENTRALSQUARE TECHNOLOGIES, LLC REPLY IN SUPPORT OF MOTION TO STRIKE DISCUSSION OF FRE 408 SETTLEMENT NEGOTIATIONS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

*/s/ Lionel M. Lavenue*
Lionel M. Lavenue