# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| CENTRALSQUARE TECHNOLOGIES, LLC,<br><br>Plaintiff and Counterclaim-Defendant,<br><br>v.<br><br>CARBYNE, INC., and CARBYNE LTD.<br><br>Defendants and Counterclaim-Plaintiffs. | Civil Action No. 1:24-cv-01497<br><br>JURY TRIAL DEMANDED |

**CARBYNE'S OBJECTIONS AND RESPONSES TO CENTRALSQUARE'S FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-49)**

Pursuant to Federal Rules of Civil Procedure 26 and 34 and the Local Civil Rules for the Western District of Texas, and the Court's Standing Order Governing Proceedings—Patent Cases (the "OGP"), Defendants Carbyne, Inc. and Carbyne Ltd. (collectively, "Carbyne" or "Defendants") hereby respond and object to Plaintiff CentralSquare Technologies, LLC's ("CentralSquare" or "Plaintiff" or "You") First Set of Requests for Production (Nos. 1–49) (the "requests"). Carbyne's responses are made based on information presently known to Carbyne after a reasonable investigation. Discovery, investigation, and trial preparation are ongoing, and Carbyne expressly reserves the right to amend, modify, supplement, correct, or clarify these responses pursuant to Federal Rule of Civil Procedure 26(e) as additional facts, documents, witnesses, or legal theories are discovered, recalled, or otherwise become known. By responding to any Request, Carbyne does not concede the relevance, materiality, or admissibility of any

information provided or sought, and Carbyne expressly reserves all objections as to relevance, materiality, competence, and admissibility of any documents or information for any purpose in this or any other proceeding.

**<u>Objections to Definitions</u>**

1. Carbyne objects to the definition of "Instrumentality" as overbroad, unduly burdensome, and ambiguous insofar as it encompasses "any system, apparatus, product, device, process, method, act, service, platform, software, hardware, component, module, feature, functionality, tool, application, code, algorithm, model, implementation, design, technology, or other thing, tangible or intangible" and further includes "any version, release, update, modification, derivative, or variant thereof" that is or was "designed, developed, manufactured, made, used, tested, offered for sale, sold, licensed, marketed, distributed, imported, exported, supported, maintained, configured, implemented, deployed, hosted, or otherwise exploited by or on behalf of Defendants." This definition is so broad as to encompass virtually everything Carbyne has ever created, used, or touched, rendering any request that invokes the term disproportionately burdensome, unduly oppressive, and in violation of Rule 34's requirement that requested items be described with reasonable particularity. Carbyne will interpret "Instrumentality" to refer only to the specific Accused Carbyne Products identified in CentralSquare's operative infringement contentions.

2. Carbyne objects to the definition of "Related Patent(s) to Carbyne Asserted Patent(s)" and "Related Patent(s) to CentralSquare Asserted Patent(s)" as vague, overbroad, unduly burdensome, and not proportional to the needs of the case insofar as these definitions include "without limitation" any U.S. or foreign patent or patent application that "stems from or claims priority to," "describes subject matter claimed or described in," or "claims any subject matter claimed or described in" the asserted patents, "including without limitation foreign

counterparts" and provisional and nonprovisional applications. These definitions sweep in an unbounded number of patents and applications with no demonstrated relevance to the claims and defenses at issue, rendering requests invoking them overbroad and disproportionately burdensome. Carbyne will treat "Related Patents" as referring only to the U.S. patents specifically identified in CentralSquare's definitions: for the CentralSquare Asserted Patent, U.S. Patent No. 9,301,117, and for the Carbyne Asserted Patent, U.S. Patent Nos. 10,686,618, 11,139,996, and 11,716,217, and only to the extent they are relevant to specific claims or defenses in this Litigation.

3. Carbyne objects to the definitions of "Carbyne," "Defendant," and "You" as overbroad, unduly burdensome, and calling for production of information not within Carbyne's possession, custody, or control to the extent they refer to "all present and former parents, subsidiaries, and affiliates," "all directors, officers, employees, agents, consultants, representatives, or Persons acting or purporting to act on behalf of" Carbyne, and "all other Persons, acting or purporting to act under Carbyne's control or on behalf of Carbyne." Carbyne will respond as to documents in its own current possession, custody, or control.

4. Carbyne objects to the definition of "Axon" as overbroad, unduly burdensome, and improperly attempting to impute to Carbyne possession, custody, or control over documents of an investor and separate corporate entity that Carbyne does not control, including particularly insofar as it encompasses "all of its past, present, and future parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, and any other entity that is directly or indirectly owned, controlled by, under common control with, or otherwise affiliated with Axon Enterprise, Inc., as well as all of their respective officers, directors, employees, agents, representatives, attorneys, and any other Persons acting or purporting to act on behalf of or under the control of any of the foregoing entities." This definition is vastly broader than necessary for any legitimate discovery

purpose in this case, particularly as Axon Enterprise, Inc. is a non-party. Carbyne will respond as to documents in its own possession, custody, or control and will not search the files of Axon or any of its personnel.

5. Carbyne objects to the definition of "Communication(s)" to the extent it encompasses any conceivable "manner or means of statement, utterance, notation, disclaimer, transfer, transmission, or exchange of information of any nature whatsoever" including "social media messages, dialogue, discussions, meetings, interviews, consultations, agreements, and other understandings." This definition exceeds the scope of Fed. R. Civ. P. 34 and calls for production of materials that are not in Carbyne's possession, custody, or control, or that are not reasonably accessible because of undue burden or cost. Carbyne further objects to this definition insofar as it includes transfers of information that do not have corporeal form (e.g., oral conversations) because, by definition, such communications are not subject to production. Carbyne will interpret this term consistent with Fed. R. Civ. P. 34.

6. Carbyne objects to the definition of "Document(s)" to the extent CentralSquare attempts to characterize it as broader than its definition under Fed. R. Civ. P. 34 or call for production of materials that are not in Carbyne's possession, custody, or control, or that are not reasonably accessible because of undue burden or cost. Carbyne will conduct a reasonable search for and produce documents and electronically stored information in accordance with its obligations under Rule 34.

7. Carbyne objects to the definitions of "Concerning," "Reflecting," "Referring to," "Relating to," and any derivation thereof, as well as "Any," "all," and "each", and "And" and "or," as vague, overbroad, and unduly burdensome to the extent they purport to be construed "in the broadest possible sense" to reach any document bearing any "logical or factual connection" to a

subject. These catch-all relational terms render virtually every request in which they appear overbroad and disproportionately burdensome, particularly when combined with the modifier "all Documents," with the effect of expanding nearly every request into a demand that Carbyne produce any and all documents that have ever touched the company in some attenuated fashion. Carbyne will interpret these terms in accordance with their standard English meaning and the limitations of Fed. R. Civ. P. 26.

8. Carbyne objects to the definition of "Patent Commercialization Activities" as vague, overbroad, and unduly burdensome insofar as it encompasses "any actual, proposed, or contemplated offer, negotiation, discussion, demand, assertion, agreement, license, assignment, sale, transfer, conveyance, encumbrance, securitization, enforcement, monetization, or other transaction or effort relating in any way to" the Carbyne Asserted Patent, Related Patents, Accused Carbyne Products, or any "Instrumentality." Combined with the overbroad definition of "Instrumentality," this definition sweeps in essentially all of Carbyne's business activities, and specifically includes merely "contemplated" activities that may exist only in privileged or work-product materials. Carbyne will treat this definition as referring to Carbyne's attempts to license the Carbyne Asserted Patent or a portfolio in which they appear, and of course as excluding any privileged or work-product materials.

9. Carbyne objects to the definition of "Technical Document(s)" as overbroad insofar as it encompasses "all Documents Relating To" a sprawling list of categories including "design, development, structure, functionality, architecture, operation, implementation, testing, validation, performance, modification, and version history" for the Accused Carbyne Products or any "Instrumentality." Combined with the other overbroad definitions and catch-all, this definition would sweep in virtually every document Carbyne possesses.

10. Carbyne objects to the definition of "Source Code" to the extent it calls for production outside the structure established by the OGP, any agreed or to-be-agreed source code review protocol, and any Protective Order entered in this Litigation. Any production of source code shall be governed by an applicable source code protocol.

11. Carbyne objects to CentralSquare's definition of "Accused Carbyne Product(s)" to the extent it includes products beyond those for which CentralSquare has provided source-code level infringement contentions, or contentions generally prior to source code inspection. Carbyne will treat this term as referring only to the specific products and features for which CentralSquare provides detailed infringement contentions.

12. Carbyne objects to the definitions of "Identify," "Identity," "Identifying" and "Describe" to the extent they purport to require Carbyne to provide detailed narrative responses, including identifying information regarding natural persons, beyond what is required by Fed. R. Civ. P. 34. Carbyne will produce documents responsive to properly tailored Requests; it will not undertake to compose narrative descriptions of those documents or their subject matter through document responses.

13. Carbyne objects to the definition of "Prior Art" as overbroad and argumentative to the extent it purports to characterize materials as prior art that Carbyne disputes qualify as prior art under 35 U.S.C. §§ 102 or 103.

**Objections to Instructions**

1. Carbyne objects to CentralSquare's instructions insofar as they instruct Carbyne to produce documents not within its possession, custody, or control. Carbyne will limit its responses to documents over which it has possession, custody, or control, and will only produce responsive documents to the extent they exist and are discovered after a reasonable search. Any statement

framed subject without reasonable particularity. CentralSquare makes no effort to tailor this request or to take reasonable steps either to describe specifically each individual item to be inspected, or to reasonably particularize each category, as required by Fed. R. Civ. P. 34(b)(1)(A). On that basis alone, this request is improper and Carbyne is not required to undertake to identify, collect, review, and produce every document with any conceivable connection to the broad subject matter described.

Carbyne further objects to this request to the extent it seeks materials protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity, including Carbyne's counsel's mental impressions, opinions, conclusions, and legal theories.

Carbyne further objects to this request as premature insofar as Carbyne's non-infringement contentions and supporting materials are subject to the phased disclosure schedule under the OGP and any scheduling order entered in this litigation.

Carbyne further objects to this request as unreasonably cumulative insofar as it overlaps with at least RFP Nos. 7 and 12.

In light of the foregoing objections, Carbyne will produce nonprivileged documents on which it relies or intends to rely to support its noninfringement defenses if and when its reliance thereon becomes reasonably foreseeable.

<u>**REQUEST FOR PRODUCTION NO. 27:**</u>

All Technical Documents and Source Code (including previous and current versions and related documentation) Relating To any Accused Carbyne Product(s) or any Instrumentality that You have ever made, sold, designed, offered for sale, distributed, imported, or otherwise produced that practices or practiced any claim of the CentralSquare Asserted Patent(s) or Related Patent(s)

to CentralSquare Asserted Patent(s).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

In addition to its applicable objections to CentralSquare's instructions and definitions, Carbyne objects to this request as facially overbroad, vague, unduly burdensome, and not proportional to the needs of the case insofar as it seeks "all Documents Relating To" a broadly framed subject without reasonable particularity. CentralSquare makes no effort to tailor this request or to take reasonable steps either to describe specifically each individual item to be inspected, or to reasonably particularize each category, as required by Fed. R. Civ. P. 34(b)(1)(A). On that basis alone, this request is improper and Carbyne is not required to undertake to identify, collect, review, and produce every document with any conceivable connection to the broad subject matter described.

Carbyne further objects to this request as overbroad, unduly burdensome, and disproportionate insofar as it purports to require production of "all Technical Documents and Source Code (including previous and current versions and related documentation)" for every version of every Accused Carbyne Product and every "Instrumentality" Carbyne has ever made. As written, this request seeks all of Carbyne's documentation and source code without limitation.

Carbyne further objects to the definitions of "Instrumentality," "Technical Document(s)," and "Source Code," each as set forth in Carbyne's definitional objections, and to the term "Related Patent(s) to CentralSquare Asserted Patent(s)" as set forth in Carbyne's definitional objections.

Carbyne further objects to this request to the extent it purports to require production of source code outside an applicable source-code review protocol, and as duplicative of Carbyne's obligations under the OGP.

Carbyne further objects insofar as "any Instrumentality that You have ever made … that

practices or practiced" the asserted patents presupposes infringement and improperly shifts the burden of identifying accused products to Carbyne.

Carbyne further objects to this request as unreasonably cumulative insofar as it overlaps with at least RFP Nos. 12 and 25.

In light of the foregoing objections, Carbyne will produce source code sufficient to show the structure, function, and operation of features of the Accused Carbyne Products specifically accused of infringement. Source code will be produced in accordance with the OGP and any applicable protective order and schedule established by the Court, or pursuant to reciprocal agreement between the parties. Carbyne will not conduct searches for "any Instrumentality" beyond the identified Accused Carbyne Products.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents Relating To the design and development of the Accused Carbyne Product(s), including Documents sufficient to Identify all Persons who participated in the design or development of each of the Accused Carbyne Product(s).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

In addition to its applicable objections to CentralSquare's instructions and definitions, Carbyne objects to this request as facially overbroad, vague, unduly burdensome, and not proportional to the needs of the case insofar as it seeks "all Documents Relating To" a broadly framed subject without reasonable particularity. CentralSquare makes no effort to tailor this request or to take reasonable steps either to describe specifically each individual item to be inspected, or to reasonably particularize each category, as required by Fed. R. Civ. P. 34(b)(1)(A). On that basis alone, this request is improper and Carbyne is not required to undertake to identify, collect, review, and produce every document with any conceivable connection to the broad subject

Dated: May 28, 2026

*<u>/s/ Evan Brewer</u>*
Evan Brewer
**Orrick, Herrington & Sutcliffe LLP**
401 Union St., Suite 3300
Seattle, WA 98101
Phone: (206) 839-4300
Email: ebrewer@orrick.com

Alyssa Caridis
**Orrick, Herrington & Sutcliffe LLP**
355 S. Grand Ave
Suite 2700
Los Angeles, CA 90071
Phone: (213) 612-2372
Email: acaridis@orrick.com

Mark Siegmund
Texas State Bar No. 24117055
**CHERRY JOHNSON SIEGMUND JAMES PC**
Bridgeview Center
7901 Fish Pond Road, 2nd Floor
Waco, Texas 76710
Phone: (254) 732-2242
Fax: (866) 627-3509
msiegmund@cjsjlaw.com

*Attorneys for Defendants*
CARBYNE, INC., AND CARBYNE, LTD.

**CERTIFICATE OF SERVICE**

I hereby certify that on May 28, 2026, a copy of this document is being served via email to all counsel of record for Plaintiff and Counterclaim-Defendant CentralSquare Technologies, LLC.

*/s/ Evan Brewer*
Evan Brewer