**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| CENTRALSQUARE TECHNOLOGIES, LLC,<br><br>Plaintiff and Counterclaim-Defendant,<br><br>v.<br><br>CARBYNE, INC., and<br>CARBYNE LTD.,<br><br>Defendants and Counterclaim-Plaintiffs. | Civil Action No. 1:24-cv-01497<br><br>JURY TRIAL DEMANDED |

**CARBYNE'S OPPOSED MOTION TO STAY ACTION PENDING PTO REVIEW OF ASSERTED PATENTS**

# TABLE OF CONTENTS


I. INTRODUCTION ........................................................................................ 1

II. BACKGROUND ........................................................................................ 2

A. This Action ........................................................................................ 2

B. *Inter Partes* Review of the '016 Patent ........................................................................................ 2

C. *Ex Parte* Reexamination of the '016 Patent (the "EPR") ........................................................................................ 3

D. *Inter Partes* Review of the '383 Patent (the "IPR") ........................................................................................ 4

E. Carbyne's Previous Motion to Stay ........................................................................................ 4

III. LEGAL STANDARD ........................................................................................ 4

IV. THE COURT SHOULD STAY THE CASE PENDING FULL RESOLUTION OF THE EPR AND IPR. ........................................................................................ 5

A. The EPR and IPR Will Simplify the Issues, and a Stay Prevents Waste of the Court's and Parties' Resources. ........................................................................................ 5

B. A Stay Will Not Unduly Prejudice CST. ........................................................................................ 8

C. This Case Remains at a Relatively Early Stage. ........................................................................................ 9

V. CONCLUSION ........................................................................................ 10

## I. INTRODUCTION

CST and Carbyne have each asserted a single patent in this case. The PTO has ordered *ex parte* reexamination of CST's patent (the "EPR"), and the PTAB has instituted *inter partes* review of Carbyne's patent (the "IPR"). Together, those proceedings place both independent claims of CST's patent and every claim of Carbyne's patent before the PTO. Carbyne respectfully requests that the Court stay this case pending full resolution of the EPR and IPR, including any appeals.

All three factors weigh in favor of a stay. The most important factor (simplification of the issues) weighs heavily in favor. The EPR and IPR will substantially simplify the issues, and a stay will eliminate needless waste of the Court's and parties' resources. In the EPR of CST's patent, the PTO is reviewing both independent claims and 11 of the 17 asserted dependent claims. Ex. A at 2. More than three-quarters of third-party-requested reexaminations end with claims canceled or amended. Ex. B at 2. In the IPR, the PTAB is reviewing all 20 claims of Carbyne's patent, and 35 U.S.C. § 315(e)(2) will estop CST from asserting patent or printed-publication references it reasonably could have raised in the IPR, which includes four of its seven references. Ex. C at 7.

A stay will not unduly prejudice CST. If CST ultimately prevailed on infringement, it could be adequately compensated with money damages, which would accrue during the stay. CST's own conduct confirms this: it waited more than three years after first accusing Carbyne of infringement to file suit, and it has never sought a preliminary injunction in the nearly two years since. "Mere delay" in collecting damages "does not constitute undue prejudice." *Crossroads Sys., Inc. v. Dot Hill Sys. Corp.*, No. 13-cv-01025-SS, 2015 WL 3773014, at *2 (W.D. Tex. June 16, 2015).

Lastly, the case remains at a relatively early stage. The parties have not taken any depositions or begun expert discovery. The Court vacated the trial and pretrial conference dates, and the case awaits reassignment to a new judge.

Because all three factors favor a stay, the Court should stay this action.

## II. BACKGROUND

### A. THIS ACTION

CST filed its Complaint on December 4, 2024, and served Carbyne on February 10, 2025. Dkts. 1, 7, 8. CST asserts claims 1–2, 5–10, 13–19, 21–22, 25–26 of U.S. Patent No. RE50,016 (the "'016 patent") against Carbyne. Claims 1 and 9 are the only independent claims. Dkt. 1-8. On May 12, 2025, Carbyne answered the Complaint and asserted a counterclaim for infringement of U.S. Patent No. 11,689,383 (the "'383 patent"). Dkt. 11. Carbyne asserts all claims (claims 1–20) of the '383 patent against CST.

On December 3, 2025, the parties filed a joint claim-construction statement. Dkt. 38. The same day, the parties jointly sought a 45-day settlement stay, which the Court granted and later extended through February 5, 2026. Dkts. 39–42. On April 22, 2026, the Court held a *Markman* hearing, at which it maintained its preliminary constructions and stated a written order would follow. Dkt. 73. No claim construction order has issued. On August 3, 2026, the Court denied Carbyne's motion for judgment on the pleadings under 35 U.S.C. § 101. Dkt. 85. On August 25, 2026, CST filed an Amended Complaint purporting to add a new accused product. Dkt. 88.

Following Judge Albright's departure from the bench, on September 2, 2026, the Court vacated all hearings and trial settings—including the pretrial conference and trial dates set for April 15, 2027, and May 3, 2027—pending reassignment of this case to another district judge. Dkt. 90. The case has not been reassigned. Other deadlines currently remain intact: fact discovery closes November 12, 2026; opening expert reports are due November 19, 2026; rebuttal reports are due December 17, 2026; expert discovery closes January 14, 2027; and dispositive and Daubert motions are due January 28, 2027. Dkts. 68, 90. Neither party has taken a deposition.

### B. *INTER PARTES* REVIEW OF THE '016 PATENT

On May 9, 2025—88 days after CST served the Complaint—Carbyne petitioned for *inter*

*partes* review of the '016 patent in IPR2025-00959 (the "'016 IPR"). Dkt. 46-2. Carbyne challenged claims 1, 5–9, 13–17, and 25–27 based on three grounds: (1) Brooks in view of SARLOC; (2) Salafia in view of Marr; and (3) Brooks in view of SARLOC and Salafia. *Id.* at 5–6. On October 3, 2025, Director Stewart denied Tritech Software Systems' (CST's subsidiary and owner of the '016 patent) request for discretionary denial of Carbyne's petition. Dkt. 46-4. Director Stewart found Carbyne provided "persuasive reasoning, supported by evidence, that the [PTO] erred in a manner material to patentability during patent examination[.]" *Id.* at 2. She explained the "Petition sufficiently demonstrates … that the Marr reference … appears to disclose the purportedly missing claim limitations" and "show a material error by the [PTO]." *Id.*

On November 12, 2025, the PTAB instituted the '016 IPR on all three grounds. Dkt. 46-5 at 5, 28. On November 26, 2025, CST sought director review. On February 19, 2026, Director Squires vacated institution without reaching the merits of Carbyne's invalidity grounds. Dkt. 55-1 at 3. His concern was procedural: Carbyne's petition applied the plain and ordinary meaning of the "module" terms, whereas Carbyne argued in this Court that those terms are governed by 35 U.S.C. § 112(f). *Id.* at 2–4. That concern no longer exists. The Court has since given the "module" terms their plain and ordinary meaning—the same construction under which the EPR is proceeding. *See* Dkt. 73; Ex. D at 21–22. The PTAB thus never reached the merits.

### C. *EX PARTE* REEXAMINATION OF THE '016 PATENT (THE "EPR")

On April 3, 2026, Carbyne requested *ex parte* reexamination of the '016 patent on the same three grounds that Director Stewart had previously found persuasive. On July 1, 2026, the PTO granted Carbyne's request and ordered the EPR (No. 90/016,158). Ex. A. The PTO determined the grounds raise a substantial new question of patentability as to claims 1, 5–9, 13–17, and 25–27. *Id.* at 2, 14, 18, 23–24.

### D. *INTER PARTES* REVIEW OF THE ’383 PATENT (THE “IPR”)

On June 27, 2025, CST petitioned for *inter partes* review of all 20 claims of the ’383 patent. Dkt. 46-6. On December 11, 2025, the PTAB instituted the IPR (IPR2025-01179). Dkt. 46-8. The PTAB will issue a final written decision by December 11, 2026. *See* 35 U.S.C. § 316(a)(11).

### E. CARBYNE’S PREVIOUS MOTION TO STAY

On February 12, 2026, Carbyne moved to stay this case pending the two *inter partes* review proceedings. Dkt. 46. The parties agreed to extend CST’s response deadline from February 19, 2026, to February 26, 2026. Dkt. 48. In the interim, Director Squires vacated institution of the ’016 IPR. This removed half the basis of Carbyne’s motion, so Carbyne withdrew it, reserving its right to re-file pending further developments in the PTO proceedings. Ex. E. Those further developments have now occurred: the PTO ordered reexamination of the ’016 patent on July 1, 2026, and on September 2, 2026, the Court vacated the trial setting pending reassignment.

## III. LEGAL STANDARD

The Court has discretion to stay proceedings, and a “stay is particularly justified when the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues.” *TC Tech. LLC v. T-Mobile USA, Inc.*, No. 6:20-cv-00899-ADA, 2021 WL 8083373, at *1 (W.D. Tex. Dec. 7, 2021) (cleaned up). To determine whether a stay is proper, the Court considers three factors: “(1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court.” *Id.*, at *2 (cleaned up). The “most important factor in determining whether to grant a stay is whether the reexamination proceeding will result in simplification of issues before the Court.” *Id.*, at *3 (citations omitted).

## IV. THE COURT SHOULD STAY THE CASE PENDING FULL RESOLUTION OF THE EPR AND IPR.

The Court should stay the case until the EPR and IPR reach full resolution, including exhaustion of any appeals. Each factor favors a stay.

### A. THE EPR AND IPR WILL SIMPLIFY THE ISSUES, AND A STAY PREVENTS WASTE OF THE COURT'S AND PARTIES' RESOURCES.

This "most important" factor (simplification of the issues) weighs heavily in favor of a stay. *Id.* In the EPR of the '016 patent, the PTO has already determined that a "*substantial* new question of patentability" exists as to both independent claims (claims 1 and 9) and 11 of the 17 asserted dependent claims. Ex. A at 2 (emphasis added). The EPR has approximately a 77.1% chance of "all claims [being] canceled" or "claims changed." Ex. B at 2; *Radiant Vision Sys., LLC v. Admesy B.V.*, No. 1:21-cv-01115-DAE, 2024 WL 1079059, at *3 (W.D. Tex. Mar. 12, 2024) (recognizing this probability and staying action); *TC Tech.*, 2021 WL 8083373, at *3 (same). This comes on the heels of the (then) PTO Director finding that "the Marr reference … appears to disclose the purportedly missing claim limitations" of the '016 Patent. Dkt. 46-4 at 2.

Further, because *every* asserted claim incorporates the limitations of independent claims 1 and 9, the EPR will resolve the prior-art questions common to the entire asserted set, and any amendment to the independent claims will narrow every claim. *See Polaris PowerLED Techs., LLC v. Dell Techs. Inc.*, No. 1:22-cv-00973-RP, 2024 WL 1546973, at *3 (W.D. Tex. Mar. 5, 2024) (finding this factor weighed "strongly in favor" of extending a stay where only six of the 12 asserted claims were challenged, as the six challenged claims included "both of the independent claims" and, if the "PTAB cancel[ed] or modifi[ed] some or all of the claims … the Court would not need to address some or all of [them]"). If CST amends claims 1 or 9 to survive, the amendment will affect every dependent claim. 35 U.S.C. § 112(d). Additionally, amended claims that are not substantially identical to the original claims cannot support damages for any period before the

reexamination certificate issues, meaning the damages period will change entirely. 35 U.S.C. §§ 307(b), 252.

Nor does it matter that six asserted dependent claims are not themselves under reexamination. The "standard is simplification of the district court case, not complete elimination of it." *Polaris*, 2024 WL 1546973, at *3. For example, in *Katana Silicon Techs. LLC v. GlobalFoundries, Inc.*, No. 1:22-cv-00852-RP, 2024 WL 5169808, at *3 (W.D. Tex. Apr. 11, 2024), this factor favored a stay because "[c]ancellation of all or even some claims would significantly simplify the case, although it would not terminate it altogether[.]" *See also Bell Semiconductor, LLC v. NXP Semiconductors, N.V.*, No. 1:20-cv-00611-LY, 2022 WL 1447948, at *2 (W.D. Tex. Feb. 7, 2022) (finding this factor favored a stay where only three of seven patents were subject to IPR proceedings because IPR was likely to reduce the number of claims that would proceed to trial).[1]

Additionally, if the parties continue to litigate claims that are later invalidated or amended, the parties and the Court will needlessly waste "time and resources." *Alza Corp. v. Wyeth*, No. 9:06-cv-00156, 2006 WL 3500015, at *1 (E.D. Tex. Nov. 21, 2006); *see also Murata Mach. USA v. Daifuku Co.*, 830 F.3d 1357, 1362 (Fed. Cir. 2016) (explaining the court may weigh the "burden litigation places on the court and the parties" when considering a stay pending PTO proceedings). The Court should eliminate this risk of waste and stay the case before the parties take depositions, exchange expert reports, and file dispositive motions—the most expensive phases of this case, all

[1] Some decisions in this District have described the inquiry as whether the PTO is "likely to invalidate every asserted claim." *Kirsch Rsch. & Dev., LLC v. Tarco Specialty Prods., Inc.*, No. 6:20-cv-00318-ADA, 2021 WL 4555804, at *3 (W.D. Tex. Oct. 4, 2021) (quoting *Scorpcast v. Boutique Media*, 2021 WL 3514751, at *3 (E.D. Tex. June 7, 2021)). But the court in *Kirsch* itself granted a stay, and courts in this Division have repeatedly found this factor satisfied where fewer than all asserted claims were under review. *E.g.*, *Polaris*, 2024 WL 1546973, at *3; *Katana*, 2024 WL 5169808, at *3; *Bell Semiconductor*, 2022 WL 1447948, at *2.

of which lie ahead. *See Alza*, 2006 WL 3500015, at *1 ("[G]ranting the stay will maximize the likelihood that assets need not be expended to address invalid claims."); *Nobots LLC v. Google LLC*, No. 1:22-cv-00585-RP, 2024 WL 925553, at *3 (W.D. Tex. Mar. 4, 2024) ("It would be a waste of resources for both the parties and the Court to conduct discovery, engage in motion practice, prepare for trial, and so on, only for the Federal Circuit to rule on the appeal and render all of that work irrelevant or inadequate.") (citation omitted).

The IPR of the '383 patent will also simplify this case, and a stay will eliminate the risk of waste, as the PTAB will determine the validity of *every* claim no later than December 11, 2026. It makes little sense for the parties to expend time and resources exchanging expert reports on infringement and invalidity on November 19, 2026, for a patent that CST contends should be invalidated just weeks later, particularly given that there is no trial date and therefore no need to go barreling ahead. Whatever the outcome of the IPR, CST will be estopped from asserting in this Court any ground it raised or reasonably could have raised in the IPR. 35 U.S.C. § 315(e)(2). This covers four of the seven references in its final invalidity contentions (its two patent references and two printed publications). Ex. C at 7.

Even as to claims that ultimately survive, the EPR and IPR will still "facilitate trial" of the issues "by providing the district court with the expert view of the PTO." *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983). This is a "major reason why stays pending reexamination are granted"—that is, regardless of outcome, "the PTO's reexamination provides the Court with an expert funneling of the issues for trial." *Spa Syspatronic, AG v. Verifone, Inc.*, No. 2:07-cv-00416, 2008 WL 1886020, at *1 (E.D. Tex. Apr. 25, 2008) (citation omitted); *see also Katana*, 2024 WL 5169808, at *3 ("[E]ven if the PTO does not cancel any of the claims, the EPR process would still assist the Court in determining patent validity after the stay is lifted.").

Simplification warrants a stay of the entire action. The two patents involve the same parties,

the same 911 technology, overlapping witnesses and documents, and a single pretrial schedule.

**B. A STAY WILL NOT UNDULY PREJUDICE CST.**

This factor (undue prejudice) weighs heavily in favor of a stay. While some delay is inherent in every stay, CST cannot identify any *undue* prejudice here. *See ZitoVault, LLC v. Int'l Bus. Machines Corp.*, No. 3:16-cv-00962-M, 2016 WL 9244739, at *1 (N.D. Tex. July 11, 2016) (explaining prejudice from losing a trial date is "inherent in granting a stay and, without more, does not justify denying a stay") (citations omitted). The EPR is already underway and proceeds with "special dispatch." 35 U.S.C. § 305. And, because the '016 patent is involved in litigation, "the reexamination proceeding will have priority over all other cases." *Spa Syspatronic*, 2008 WL 1886020, at *2 (cleaned up). These circumstances favor a stay. *Alza*, 2006 WL 3500015, at *1–2. Indeed, Carbyne seeks this stay even though it will delay Carbyne's *own* infringement counterclaims on the '383 patent.

Nor can CST manufacture undue prejudice by pointing to competition between the parties. Competitor status weighs against a stay only where the patentee shows harm that damages cannot capture. *See VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318–19 (Fed. Cir. 2014). CST's delay in filing this lawsuit affirms damages are adequate and undermines any claim of prejudice. *Id.* at 1319 (finding plaintiff's delay of "nearly a year" after its patent issued before filing suit weighed against claim of undue prejudice); *Netlist, Inc. v. Micron Tech., Inc.*, No. 1:22-cv-00136-DII, 2024 WL 3035617 (W.D. Tex. June 17, 2024) (finding plaintiff's decision to "wait two to four years to file suit" weighed against claim of undue prejudice).

CST's delay dwarfs the delays in *VirtualAgility* and *Netlist*. The '016 patent is a reissue of U.S. Patent No. 9,301,117 (the "'117 patent"), which issued on March 29, 2016. Because CST did not apply for reissue until January 2023 (nearly seven years later), the '016 patent's claims cannot be broader than the '117 patent's. 35 U.S.C. § 251(d); Dkt. 1-4. CST *could* have sued on the '117

patent the moment it believed Carbyne infringed—which, by CST's own account, was no later than November 2021, when it sent Carbyne a letter accusing it of infringing the '117 patent. Dkt. 92 ¶ 33. Instead, CST went silent after Carbyne identified prior art in July 2022, pursued a reissue, and waited until December 2024 (more than three years after its accusation) to sue. *Id.* ¶¶ 33–45. This tactical delay weighs against a finding of undue prejudice.

Even after finally filing suit, CST failed to seek a preliminary injunction in the nearly two years this case has been pending, which further affirms it will not be "unduly prejudiced by a stay of its case." *Netlist*, 2024 WL 3035617; *see also VirtualAgility*, 759 F.3d at 1319; *Uniloc 2017 LLC v. LG Elecs. U.S.A., Inc.*, No. 3:18-cv-03071-N, 2020 WL 374545, at *1 (N.D. Tex. Jan. 23, 2020) ("[P]laintiff's failure to file for preliminary injunction suggests that monetary damages could adequately compensate it if Defendants were held liable."). To the contrary, if CST ultimately prevailed on infringement, it could be made whole with money damages, which would accrue during the stay. *VirtualAgility*, 759 F.3d at 1318. But "[m]ere delay" in collecting those damages "does not constitute undue prejudice." *Crossroads*, 2015 WL 3773014, at *2.

### C. THIS CASE REMAINS AT A RELATIVELY EARLY STAGE.

This factor (stage of proceedings) also weighs in favor of a stay. The stage of the case is measured as of the filing of the motion, *VirtualAgility*, 759 F.3d at 1317, and the two primary questions are each answered in the negative: discovery is *not* complete and a trial date is *not* set, *TC Tech.*, 2021 WL 8083373, at *2. The parties have not taken any depositions, exchanged expert discovery, or filed dispositive motions. CST amended its complaint only weeks ago to purportedly add a new accused product. Dkt. 88. And the case awaits reassignment to a judge who will have to set a new schedule. A stay therefore costs the Court nothing on its calendar, but spares it the work of adjudicating claims the PTO may cancel or rewrite.

This case—like *Lubrizol*—remains at a "fairly early stage." *Lubrizol Specialty Prods., Inc.*

*v. Baker Hughes Inc.*, No. CV H-15-2915, 2017 WL 2255579, at *2 (S.D. Tex. May 23, 2017). In *Lubrizol*, although the "lawsuit ha[d] been pending for quite some time," this factor favored a stay where the parties had "not provided expert reports nor engaged in expert discovery"; "[s]ome fact discovery ha[d] been conducted, but few depositions have occurred"; and "[d]ispositive motions ha[d] not been filed, and pretrial work ha[d] not begun." *Id.* This case is at an earlier stage still: no depositions have occurred. *See id.*; *see also* Ex. F (*Auto Telematics Ltd. v. United Servs. Auto. Ass'n*, No. 6:22-cv-00474-ADA (W.D. Tex. Nov. 7, 2024)) (finding case "in its relatively early stages, with trial more than 15 months away and rebuttal expert reports yet to be exchanged").

Courts routinely stay cases at this stage and those that have progressed further than here. *See, e.g.*, *AGIS Software Dev. LLC v. Google LLC*, No. 2:19-cv-00359-JRG, 2021 WL 465424, at *3 (E.D. Tex. Feb. 9, 2021) (staying case after discovery had closed and pretrial briefing had been submitted); *Bell Semiconductor*, 2022 WL 1447948, at *2 (claim construction was finalized but the parties had "yet to complete a substantial amount of discovery—including depositions"); *Radiant*, 2024 WL 1079059, at *1 (the parties had not disclosed experts and had taken one deposition); *ZitoVault*, 2016 WL 9244739, at *2 (the parties had "exchanged written discovery, but no depositions ha[d] been taken").

Even if the Court were to find this factor neutral or weighing against a stay, a stay would still be warranted, because "the simplification-of-issues factor overwhelms the other two factors." *Kirsch*, 2021 WL 4555804, at *3; Ex. G (*ParkerVision Inc. v. NXP Semiconductors N.V.*, No. 6:23-cv-00389-ADA (W.D. Tex. May 27, 2025)) at 8 (citation omitted); *see also Radiant*, 2024 WL 1079059, at *2–4. Here, as described, the simplification factor weighs heavily in favor of a stay and thus overwhelms the other two factors.

## V. CONCLUSION

The Court should stay this case pending resolution of the EPR and IPR and any appeals.

Dated: October 5, 2026

Respectfully submitted,

*/s/ Mark D. Siegmund*____________________
Mark Siegmund
State Bar No. 24117055
CHERRY JOHNSON SIEGMUND JAMES PC
Bridgeview Center
7901 Fish Pond Road, 2nd Floor
Waco, Texas 76710
Phone: (254) 732-2242
Fax: (866) 627-3509
msiegmund@cjsjlaw.com

Alyssa Caridis
Jake O'Neal
Evan Brewer
ORRICK, HERRINGTON & SUTCLIFFE LLP
355 S. Grand Ave.,Suite 2700
Los Angeles, CA 90071
Phone: (213) 612-2372
Fax: (213) 612-2499
acaridis@orrick.com
joneal@orrick.com

Evan Brewer
ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
Phone: (206) 839-4300
Fax: (206) 839-4301
Email: ebrewer@orrick.com

*Attorneys for Defendants*
CARBYNE, INC., AND CARBYNE LTD.

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(g), counsel for Carbyne conferred with counsel for CST regarding the relief requested in this motion on October 5, 2026. Counsel for Carbyne provided the basis for the requested relief, and counsel for CST indicated that they disagreed and would oppose the motion.

*/s/ Mark D. Siegmund*
Mark Siegmund

**CERTIFICATE OF SERVICE**

I certify that on October 5, 2026, a true and correct copy of the foregoing document was served on all counsel of record via the Court's CM/ECF system.

*/s/ Mark D. Siegmund*
Mark Siegmund